THE ORIENTAL INVESTMENT COMPANY V. MAGGIE BARCLAY ET AL.

No. 772. Decided March 15, 1900.

**1. Statement of Facts—Disregard of Rules—Suppression.**

It is only in cases where the disregard of the rules for preserving a statement of facts is flagrant, that the appellate court may suppress it for that reason. (Rule 53). (P. 430.)

**2. Same—Review by Supreme Court.**

Where the statement of facts was struck out on appeal in a case in which the violation of rules was not such as to warrant so doing, this was error for which the judgment should be reversed by the Supreme Court and the case remanded to the Court of Civil Appeals to enable them to pass on assignments of error disregarded by them for lack of a proper statement. (Pp. 428, 430.)

ERROR from the Fifth District, in an appeal from Dallas County.

Maggie Barclay, Maggie Sline, and Alma Semond sued the Oriental Investment Company on account of injuries to the person in the fall of an elevator. Their suits, originally separate, were consolidated, and plaintiffs had judgment, from which the Investment Company appealed. The appellate court struck out the statement of facts and affirmed the judgment, and appellant thereupon obtained a writ of error. For previous appeals in these cases before consolidation, see The Oriental v. Barclay, 16 Texas Civil Appeals, 193; Oriental Investment Company v. Sline, 17 Texas Civil Appeals, 692.

*Harris, Etheridge & Knight,* for plaintiff in error.—It is submitted that no case can be found wherein our Supreme Court has, for a violation of the rules pertaining to the preparation of statements of facts, visited the severe penalty of striking out; but that court has contented

itself with the more moderate penalties of taxing costs and the like, and in this connection, appellant begs to refer to the following: Fiest v. Booth, 27 S. W. Rep., 33; Bowmar v. West, 28 S. W. Rep., 519; Railway v. Eaten, 44 S. W. Rep., 564; Railway v. Culberson, 68 Texas, 665; Wynne v. Logan, 3 Texas Law Rev., 387; Dreiss v. Friedrich, 57 Texas, 70; Hawkins v. Lee, 22 Texas, 544; Railway v. Williams, 31 S. W. Rep., 559; Railway v. Flanary, 45 S. W. Rep., 214; Clapp v. Engledow, 82 Texas, 290; Blankenship v. Thurman, 68 Texas, 671; Railway v. Carstens, 47 S. W. Rep., 36.

Article 947, Revised Statutes, empowers the Supreme Court to establish and enforce all necessary rules of practice and procedure "not inconsistent with the laws of this State."

Article 1379, provides: "When it is agreed by the parties to the suit or their attorneys of record, that the evidence adduced on the trial of the cause is sufficient to establish a fact or facts alleged by either party, the testimony of the witnesses  *  *  *  admitted as evidence relating thereto, shall not be stated or copied in detail into a statement of facts."

The necessary inference from this language is, that if the parties to the suit or their attorneys of record do not agree that the evidence adduced on the trial of the cause is sufficient to establish a fact or facts alleged by either party, "then the testimony of the witnesses  *  *  *  admitted as evidence relating thereto may be copied in detail into the statement of facts."

Said article 1379 further provides, "when there is any reasonable doubt of the sufficiency of the evidence to constitute proof of any one fact under the preceding rule, there, may then be inserted such of the testimony of the witnesses and written instruments, or parts thereof, as relates to such facts."  The expression "such of the testimony of the witnesses," used in the statutes, evidently refers to the testimony of the witnesses in detail spoken of in the preceding sentence in the article. The only inhibition contained in the statute against copying the testimony of the witnesses in detail into a statement of facts, is that if the parties or their attorneys agree that the evidence adduced proves certain facts then it shall not be done.   In this case the parties did not agree, and in the very nature of it, as is manifest from an inspection of the record, they could not agree that the evidence adduced upon the trial was sufficient to establish any of the vital facts in issue.

Rule 72 conflicts with the statute in that it omits that portion of the statute which provides, "where it is agreed by the parties to the suit or their attorneys of record."  For this clause in the statute, rule 72 substitutes this language:  "Where the evidence adduced upon the trial of the cause," etc., without leaving it to the parties or their attorneys to agree whether the evidence adduced does or does not establish a fact or facts alleged by either party.   Rule 78 conflicts with the provisions of the statute which provides:  "When there is any reasonable doubt of the sufficiency of the evidence to constitute proof of any one fact under

the preceding rule,"—the preceding rule being that if parties agree that certain facts are proved the testimony of the witnesses shall not be copied in detail, but if they do not agree then the evidence may be copied in detail,—"there may then be inserted such of the testimony of the witnesses,"—not condensed throughout as required by rule 78, but in detail as provided for in the third sentence of article 1379.

*Parks & Carden,* for defendants in error (with whom were Messrs. *Hogg & Robertson* on the brief), urged, in support of a motion for rehearing, which was overruled:

The Supreme Court erred in rendering an opinion that is so indefinite and uncertain, in the construction of the rules under consideration, that its meaning can not be comprehended, in this: that it states no rule to be followed by it or by the Court of Civil Appeals, and is merely a finding of a conclusion of fact, and leaves the question of enforcing the rules, with reference to the preparation of a statement of facts, to the mere opinion of each successive judge upon the bench, whose opinion could not be known from the examination of any rules, until the question of the enforcement of the rules in each particular case shall have been acted upon by such judge, thereby making the alleged rules for the preparation of a statement of facts no rules at all. Chase's Blackstone, 2 ed., pp. 9, 10.

The Supreme Court erred in reversing the Court of Civil Appeals upon a question of fact with reference to which the Court of Civil Appeals had exclusive jurisdiction, and with reference to which the Supreme Court had no jurisdiction, the Court of Civil Appeals having found as a fact, and the Supreme Court having also found as a fact, that the rules made by the Supreme Court for the government of litigants in making a statement of facts on appeal had been violated, and there being no difference between that character of fact and any other character of fact. Clarendon Land, Investment and Agency Company v. McClelland, 23 S. W. Rep., 1100; 22 S. W. Rep., 514.

The Supreme Court erred in not holding that the Supreme Court has the right to prescribe the rules (Texas Land Company v. Williams, 48 Texas, 603; Haley v. Davidson, 48 Texas, 615; State v. Call, 22 So. Rep., 748); and that the Court of Civil Appeals had exclusive jurisdiction in the enforcement of its own rules, where there is room for construction as to whether or not they had been violated. Hunter v. Insurance Co., 78 N. W. Rep., 516; Bair v. Hubartt (Pa.), 21 Atl. Rep., 210; Gannon v. Fritz, 79 Pa. St., 303; Dailey v. Green, 3 Harris (Pa.), 118; Nevin v. Morrison (Pa.), 18 Atl. Rep., 636.

The Supreme Court erred in not holding that where there was any evidence apparent upon the fact of the statement of facts, or appearing from an examination of the statement of facts, tending to show that the rules prescribed for the making of a statement of facts had been violated, it was in the discretion of the Court of Civil Appeals as

to whether or not that court would enforce the rules, and as to what penalty they would assess for a violation of the rules. See authorities last above cited.

The Supreme Court and the Court of Civil Appeals having found that the rules were violated in the preparation of the statement of facts, the Supreme Court erred in not holding that the rules made by the Supreme Court to govern the making of a statement of facts, have the force of law, and that the courts of civil appeals have no authority to dispense with said rules. Pratt v. Pratt (Mass.), 32 N. E. Rep., 747; State v. Edwards (N. C.), 14 S. E. Rep., 741; Baker v. State (Wis.), 54 N. W. Rep., 1003; Magnuson v. Billings, 52 N. E. Rep., 803.

The Supreme Court has no power to suspend, in a particular case, the rules of the Court of Civil Appeals in respect to the preparation of a statement of facts, such rules having the force of a statute until abrogated by competent authority, and the Court of Civil Appeals having found, and the Supreme Court also having found, that the rules had been violated, the Supreme Court erred in not enforcing them, and in not holding that when the Court of Civil Appeals had enforced them, the action of the Court of Civil Appeals in that respect would not be reversed by the Supreme Court, except for manifest and material error. Baker v. State, 54 N. W. Rep., 1003; Magnuson v. Billings, 52 N. E. Rep., 803; Bair v. Hubartt, 21 Atl. Rep., 210; Hunter v. Insurance Co., 78 N. W. Rep., 516.

The Supreme Court erred in not laying down some definite rule to govern the courts of civil appeals and the legal profession, as to when the Supreme Court will permit the Court of Civil Appeals to strike a statement of facts from the record, where there is evidence upon the face of the statement of facts that the rules prescribed by the Supreme Court with reference to the preparation of a statement of facts have been violated.

The Supreme Court erred in finding as a matter of fact that the violation of the rules in the preparation of the statement of facts was not so flagrant a violation as to justify the striking out of the statement of facts.

GAINES, CHIEF JUSTICE.—In this case, upon motion of the defendants in error, the Court of Civil Appeals struck out the statement of facts, declined to consider numerous assignments of error for the reason that they were without a record of the evidence adduced upon the trial, and affirmed the judgment. The action of the court in suppressing the statement of facts is assigned as error in this court. The question so presented has given us much trouble, but, after a very careful consideration, we have reached the conclusion that the assignment ought to be sustained.

The statement of facts is very voluminous and bears evidence upon its face that it was made up with but little regard for the rules. But the question is, does it manifest such a flagrant violation of the regula-

tions provided for the guidance of counsel in such matters as to justify its suppression?

The defendants in error, Maggie Barclay, Maggie Sline, and Alma Semond, while in the service of the Oriental, a corporation keeping a hotel in the city of Dallas, were injured by the fall of an elevator. The hotel-building was the property of the plaintiff in error, the Oriental Investment Company. Each of the defendants in error brought a suit against the Oriental for her injuries, and at a subsequent day, made the plaintiff in error a party defendant. The suits were afterwards dismissed as to the original defendant, and, by agreement of parties, were consolidated and tried as one. It was claimed in the amended petition that the accident was caused by a defect in the elevator and the incompetence of the employe who was operating it at the time, and that the managers of the hotel had been negligent in not discovering and repairing the defect, and in employing such a careless and incompetent servant. It was also claimed that the plaintiff in error was liable for the injury, because it had agreed to keep the property in repair, and also because, as alleged, the lessee corporation was organized and owned by the Oriental Investment Company and was a mere pretended corporation created by the latter in order to escape liabilities resulting from the operation of the hotel.

There was also a complication growing out of a dismissal of the cases as to the original defendant and the execution of an alleged release. Each of the plaintiffs claimed damages to the amount of more than $50,000 and each recovered a judgment for $6000. Although the three cases were tried together, and although, in the main, the evidence bearing upon the question of the defendant's liability was the same as to each of the three plaintiffs, the questions as to the extent of their injuries were as distinct as if they had been injured in different accidents. Upon the trial, numerous witnesses were examined and cross-examined at great length, numerous depositions were read, and numerous papers in the nature of documentary evidence were introduced. Most of the latter were offered as mere circumstances tending to show the true relations between the Oriental Investment Company and the Oriental, its alleged lessee, and, unlike contracts, conveyances, and the like, could not well be set out by giving their substance and effect. The court submitted to the jury thirty-three special issues; and, in the opinion of the trial judge, the findings of the jury, as first returned into court, were so inconsistent that he felt it his duty to send them back for further deliberation. The fact that a large amount is involved in a suit neither justifies nor excuses a violation of the rules which have been prescribed for making out a statement of facts. But the amount involved becomes a very important factor as affecting the length of the trial and the volume of the record. The earnest and stubborn contest engendered by the struggle for a great stake is likely to protract the examination of witnesses, to increase their number, and, where the testimony is conflicting and the evidence circumstantial, is calculated to draw

into the case side issues upon mere evidential facts which prolong the trial and swell the record. In view of these facts and of the additional fact that the pleadings alone occupy nearly two hundred pages of the type-written record, it is not surprising upon first blush that the statement of facts should attain a length of about three hundred pages. Still, it is apparent from an inspection that it might and ought to have been made up in a more condensed form.

The existing rule 53 for the government of the Courts of Civil Appeals is the first rule of the court which expressly authorized the appellate court to disregard a statement of facts when not made out according to the requirements of law. But the power to do so under the previous rules has been frequently recognized by this court. Hawkins v. Lee, 22 Texas, 544; Dreiss v. Freidrich, 57 Texas, 70; Wynne v. Logan, 3 Texas Law Rev., 387; Railway v. Culberson, 68 Texas, 664. This power was rarely, if ever, exercised by this court. In the cases just cited, the violation of the rules was gross, the statements in most of them embracing depositions of witnesses in which both questions and answers were copied at length; and yet the court declined to administer the harsh remedy of suppressing them. In amending rule 53 in 1895, it was sought to be more specific with reference to this matter and it was there provided that "if the violation of the rule be flagrant, the court may disregard the statement of facts altogether, unless," etc; and in a recent case in which a writ of error was refused by this court, we upheld the Court of Civil Appeals of the Fourth District in striking out the statement of facts because it was evidently a copy of the stenographer's notes, which, in setting out the testimony, gave both question and answer. Brown v. Viscaya, present term. It is evident that the departure from the rules is not so marked in the present case as in that, and, in our judgment, it ought not to be considered so flagrant a violation of the rules as to justify the striking out of the statement of facts.

Since we are of opinion that it was error to strike out the statement of facts and since the plaintiff in error was entitled to have the Court of Civil Appeals pass upon its assignments in the light of the evidence adduced upon the trial and to exercise that jurisdiction over the facts which that does but which this court does not possess, the judgment of affirmance in the appellate court will be reversed and the cause remanded to that court for further proceedings in accordance with this opinion. It is accordingly so ordered.

*Reversed and remanded to Court of Civil Appeals.*