### J. T. ELLIOTT ET AL. v. W. S. FERGUSON ET AL.

No. 1667.   Decided March 20, 1907.

**1.—Statement of Facts—Stenographer's Report.**

The Act of 1905 (Acts 29th Leg., p. 219), providing for the use of a transcript of the stenographer's notes as a statement of facts, applied to a case appealed after that law took effect, though the trial was had, the stenographer qualified, and his notes taken, before it took effect, and under the previous law. (Pp. 419, 420.)

**2.—Same—Practice in the Supreme Court.**

Where the Supreme Court reverses for error in the refusal of the Court of Civil Appeals to consider a statement of facts and the assigned error for which its presence in the record was necessary, the case will be remanded to the Appellate Court to enable it to pass on such assignments. (P. 420.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Dallas County.

Ferguson and others sued Elliott and others for injunction, and had judgment making same perpetual. Defendants appealed, and the judgment was affirmed, whereupon they obtained writ of error.

*W. A. Evans* and *W. A. Kemp,* for plaintiffs in error.—The Court of Civil Appeals erred in striking out plaintiff's statement of facts, and in holding that the stenographer's notes, sent up with the transcript, were not a statement, and in refusing to consider same and affirming the judgment on that account.   Acts of 1903, p. 84; Acts of 1905, p. 219; Rev. Stats., art. 1383; Bexar Bldg. and L. Co. v. Newman, 86 Texas, 380; Odum v. Garner, 86 Texas, 376; Phoenix Ins. Co. v. Sherman, 43 S. W. Rep., 930; Parker v. Buckner, 67 Texas, 23; 26 Am. & Eng. Ency. of Law, 671, note 2; Thorneview v. Rodrigues, 24 Texas, 479.

*Harry P. Lawther,* for defendants in error.

WILLIAMS, ASSOCIATE JUSTICE.—In this case no statement of facts was prepared in accordance with the provisions of the Revised Statutes, but the plaintiffs in error caused a copy of the report of the testimony taken by the official stenographer to be made out, approved by the trial judge, and filed in accordance with the provisions of the Act of 1905. (Acts 29th Leg., p. 219.)   The stenographer who made the notes of the testimony during the trial was the one acting under the Act of 1903 (Acts 28th Leg., p. 84), when that of 1905 took effect.   The latter act became effective before the time had expired for the preparation of a statement of facts for the purpose of an appeal, and the parties and the trial judge adopted the method provided by it for bringing up the evidence.   The Court of Civil Appeals were of the opinion that the Act of 1905 did not apply to the case, for the reason that the trial was had and the notes of the evidence were taken by the stenographer before that act took effect, and refused to consider the evidence so presented in passing upon the assignments of error.   The court did not hold that the procedure in the preparation of appeals in cases already tried could not be controlled by legislation thereafter adopted.   The proposition that the regulation of such procedure is at all times within legislative control, and is to be governed by the law in force when it is taken, is, as we understand, fully recognized by that court.   Its view was that the provisions of the act in question were not intended to apply in cases which had already been tried, for the reason that nothing is said to give it retroactive effect, and that, under the earlier statute, the record kept by the stenographer of the evidence was not given the dignity of a statement of facts.   As to the first reason, we regard it as settled that a statute which operates only on procedure to be had after it goes into effect is not to be regarded as retroactive.   The procedure, being always within the control of the Legislature, must, as a general rule, conform to the law in force when it is taken, and a statute of this character is to be treated as intended to govern all such proceedings as are to be had after it begins to operate unless a different intent is to be gathered from its provisions.   (Endlich on Statutes, sec. 285, et seq.)

The view of the Act of 1905, which chiefly controlled the decision of the Court of Civil Appeals, seems to have been that it extended the functions and duties of the stenographer, and gave to the record of the evidence kept by him an effect which it previously did not have, and that it is not to be presumed that the Legislature intended that the provisions

of the later statute should apply to a record which had already been made, but not under its sanction. But when we compare the Acts of 1903 and of 1905, we find that their language is identical in providing for the examination, the appointment and the qualification of the stenographer, and in defining his duties, "to take full stenographic notes of the oral evidence offered in every case tried in said court," etc., and "to preserve all official notes taken . . . for future reference." Both acts also require him to furnish a transcript of the evidence or other proceedings—that of 1903 to any person, and that of 1905 to either party to the suit—upon payment of compensation therefor. The latter act added the provision authorizing the use of such a transcript, when approved by the trial judge, in lieu of the statement of facts provided for by the Revised Statutes.

From this statement we think it evident that the last act was a reenactment and continuation of the former, with an additional provision as to an effect that may be given to the record of the evidence required by both statutes. The officer, his functions and duties, and the report to be made of the evidence, continued the same after the latter was adopted as before, and it should not be held to have created a new office with new functions. (Endlich on Statutes, sec. 490, et seq., and cases cited.)

The transcript of the evidence taken under the Act of 1903 being the same as it would have been had the Act of 1905 been in force, and the latter act being a continuation of those parts of the former which provided for such transcript, we think its provision for an additional use to be made of it was applicable, and that the Court of Civil Appeals erred in not considering it in the place of a statement of facts. The judgment will therefore be reversed, and the cause will be remanded to the Court of Civil Appeals for further consideration. (Oriental Investment Co. v. Barclay, 93 Texas, 425.)

*Reversed and Remanded to the Court of Civil Appeals.*