## CAMPBELL v. PRIETO.

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1911.)

1. APPEAL AND ERROR (§ 563*)—RECORD—STATEMENT OF FACTS—PREPARATION—FORM.

Under Acts 31st Leg. (1st Ex. Sess.) c. 39, § 14, authorizing preparation of a statement of facts independent of the transcript of the notes of the official reporter, and under section 6, providing that in such transcript the statement of facts must be prepared in a succinct manner, the latter provision applies to statements of facts prepared without aid of the stenographer's notes.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2500; Dec. Dig. § 563.*]

2. APPEAL AND·ERROR (§ 563*) — RECORD — STATEMENT OF FACTS—SUFFICIENCY.

A statement of facts consisting largely of questions and answers will not be stricken on appeal for noncompliance with rules requiring such statements to be condensed, where it is very short, and no one will be inconvenienced by the form of preparation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2500; Dec. Dig. § 563.*]

Error from Bexar County Court; P. H. Shook, Judge.

Action between Roy Campbell and Antonio Prieto. From the judgment, Campbell brings error. On motion to strike the statement of facts. Motion overruled.

John D. Hartman, for plaintiff in error.

FLY, J. The statement of facts in this case covers about 20 typewritten pages, a large part of which consists of questions and answers. The cause was tried in the county court, and there is nothing in the record that indicates that the court had an official stenographer, who, under the provisions of section 13, Acts 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 39), may be appointed by the county judge at the request of either party to a civil cause. The statement of facts must therefore have been made up from the notes of a private stenographer, and they were agreed to by counsel for appellee, as well as counsel

---

for appellant, and were approved by the county judge.

[1, 2] There is no provision in the law of 1909 requiring statements of facts to be made from the official stenographer's notes, but, on the other hand, it is provided in section 14 that nothing in the act shall prevent parties from preparing statements of facts independent of the transcript of the notes of the "official shorthand reporter." In connection with official stenographer's transcript of the evidence, it is provided in section 6 that the statement of facts must be prepared "in a succinct manner and without unnecessary repetition," and we are of opinion that the requirement would apply to statements of facts prepared without the aid of the official stenographer's notes, and that they should be "stated in a succinct manner and without unnecessary repetition." The requirement mentioned is the only one set out in the law of 1909 that could apply to a statement of facts prepared independent of the notes of an official stenographer. In most instances, however, copying questions and answers taken by a private or official stenographer would not be stating the facts in "a succinct manner," but there may be cases where the succinctness, which is synonymous with briefness or conciseness, would be but little affected by having the questions and answers copied.

In rule 78 (67 S. W. xxvi) for the government of the preparation of statements of facts in the district and county court it is provided that "neither the notes of a stenographer taken upon the trial, nor a copy thereof made at length, shall be filed as a statement of facts; but the statement made therefrom shall be condensed throughout in accordance with the spirit of the foregoing rules." The main idea is condensation, in order that the appellate court, as well as the parties, may not be compelled to wade through a mass of irrelevant matter in order to arrive at the facts. By rule 53 (67 S. W. xviii) for the Courts of Civil Appeals they are given ample authority to protect themselves against statements of facts made in violation of the rules, and, "if the violation of the rule be flagrant, the court may disregard the statement of facts altogether." It is within the sound discretion of Courts of Civil Appeals to consider statements of facts, and we have no notice of any case where the Supreme Court has disagreed with a Court of Civil Appeals in considering statements of facts not in strict compliance with the rules, although the reverse has been true upon a refusal to consider such statements. Speaking of the authority of the Supreme Court in former days to disregard statements of facts when not made out according to the requirements of law, the Supreme Court in Oriental Co. v. Barclay, 93 Tex. 425, 55 S. W. 1111, held: "This power was rarely, if ever, exercised by this court." In that case the Court of Civil Appeals had stricken out the statement of facts, and the Supreme Court reversed its judgment thereon. The Supreme Court said: "In amending rule 53 in 1895, it was sought to be more specific with reference to this matter, and it was there provided that, 'if the violation of the rule be flagrant, the court may disregard the statement of facts altogether, unless,' etc.; and in a recent case in which a writ of error was refused by this court we upheld the Court of Civil Appeals of the Fourth District in striking out the statements because it was evidently a copy of the stenographer's notes, which in setting out the testimony gave both question and answer." The case referred to was that of Brown v. Viscaya, 54 S. W. 636, in which it is stated "that the statement of facts is made up of the stenographer's report of the evidence, and includes questions and answers of the witnesses, objections of counsel, arguments on such objections, and the rulings of the court thereon." No such flagrant violation of the law and rules is presented by this case. The statement of facts is very short, and no one will be inconvenienced by the manner of preparing the statement of facts. Counsel should take warning, however, for it is always best to obey the rules, so as not to call for the discretion of an appellate court in determining whether it will consider a statement or not. The rules are easy of observance, and counsel should avoid the hazard always assumed in violating one of them. In this case appellee became a party to the violation of the rule by agreeing to the statements, and should not, we think, be allowed to profit by it, especially when the violation is of such a nature that no one is inconvenienced by it.

The motion to strike out the statement of facts is overruled.