WATER & LIGHT CO. OF EL CAMPO v. EL CAMPO LIGHT, ICE & WATER CO.†

(Court of Civil Appeals of Texas. Galveston. June 27, 1912. Rehearing Denied Oct. 10, 1912.)

1. APPEAL AND ERROR (§ 70*)—ORDERS APPEALABLE — ORDER SUSTAINING PLEA OF PRIVILEGE.

Under Acts 30th Leg. c. 133, providing that a court, on sustaining a plea of privilege to be sued in some county other than the county where the suit is filed, shall transfer the cause to the proper court of the county having jurisdiction, and providing for an appeal from a judgment sustaining a plea of privilege, a judgment sustaining such a plea of privilege is appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 367–385; Dec. Dig. § 70.*]

2. APPEAL AND ERROR (§ 870*)—APPEAL FROM FINAL JUDGMENT—QUESTIONS REVIEWABLE.

A plaintiff who did not appeal from an order sustaining defendant's plea of privilege to be sued in another county, and transferring the cause to the proper court of such county, may not, on appeal from a final judgment on the merits, question the action of the court in sustaining the plea of privilege.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3451, 3487–3512; Dec. Dig. § 870.*]

3. APPEAL AND ERROR (§ 564*)—EXCEPTIONS, BILL OF (§ 39*)—STATUTORY REGULATIONS.

Acts 32d Leg. c. 119, prescribing the time and method of making up and filing statements of facts and bills of exceptions, in force June 11, 1911, applies to an appeal subsequently perfected, though the motion for new trial was overruled prior to the taking effect of the act.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555, 2558, 2559; Dec. Dig. § 564;* Exceptions, Bill of, Cent. Dig. §§ 54–56; Dec. Dig. § 39.*]

4. APPEAL AND ERROR (§ 564*)—STATUTORY REGULATIONS.

An appellant who made no effort to procure and file a statement of facts after the expiration of the time fixed, and who offered no excuse for his failure to file the statement of facts within the time fixed, may not avail himself of Acts 32d Leg. c. 119, based on the negligence of the stenographer in failing to file the transcript of the evidence within the time fixed by order of court, since Sayles' Ann. Civ. St. 1897, art. 1382, provides that, where an appellant shall have filed a statement of facts after the time prescribed by law, and shall show to the court that the failure to file the same within the time was not due to his fault, the court shall permit such statement to remain as a part of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555, 2558, 2559; Dec. Dig. § 564.*]

5. APPEAL AND ERROR (§ 914*) — PRESUMPTIONS.

In the absence of an affirmative showing to the contrary, the court, on appeal, will presume, in a case where there has been a trial on the merits and all the parties were present, that the party against whom a cause of action is asserted had either been served with citation, or had waived service.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3693–3698; Dec. Dig. § 914.*]

---

6. APPEARANCE (§ 20*)—SERVICE—WAIVER.

Where defendant, by leave of court, filed a cross-action against plaintiff, who appeared and announced ready for trial on the issues joined, and gave notice of appeal from an adverse judgment, the appearance was a waiver of citation in the cross-action.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 91–102; Dec. Dig. § 20.*]

7. APPEAL AND ERROR (§ 928*)—QUESTIONS REVIEWABLE—PRESUMPTIONS.

In the absence of a statement of facts, the court, on appeal, cannot presume that the evidence raised any issue of fact on a point not submitted by the trial court to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3749–3754; Dec. Dig. § 928.*]

Appeal from District Court, Wharton County; Wells Thompson, Judge.

Action by the Water & Light Company of El Campo against the El Campo Light, Ice & Water Company. From a judgment for defendant, plaintiff appeals. Affirmed.

N. C. Abbott, of Houston, and W. L. Hall, of Wharton, for appellant. Geo. P. Willis, of El Campo, and G. G. Kelley, of Wharton, for appellee.

McMEANS, J. From a verdict and judgment in favor of defendant, El Campo Light, Ice & Water Company, the plaintiff, Water & Light Company of El Campo, has appealed.

No statement of facts accompanies the record on this appeal. A sufficiently full statement of the case and the issues involved on the trial in the lower court may be found by reference to 132 S. W. 868, and will not be repeated here.

We may say, however, that this suit was originally filed in the district court of Bexar county; but defendant's pleas of privilege to be sued in Wharton county were sustained, and the case was thereupon transferred to and tried in the district court of the last-named county.

Appellant's first assignment of error complains of the action of the district court of Bexar county in sustaining appellee's pleas of privilege, and in transferring the case to the district court of Wharton county.

[1] Just when appellant's original petition was filed in the district court of Bexar county does not appear; but the record shows that the pleas of privilege were sustained and the case ordered transferred on December 20, 1909. To the order of the court sustaining the pleas the plaintiff, appellant here, gave notice of appeal to the Court of Civil Appeals of the Fourth District; but no appeal from said order was prosecuted. Its right of appeal was undoubted, because the very act of the Legislature which provides that when a plea of privilege to be sued in some county other than where the suit is filed shall be sustained the case shall not be dismissed, but shall be transferred to the proper court of the county having jurisdiction of the parties, etc., also provides, in that connection, that "nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege." Gen. Laws 1907, p. 249; Oakes & Witt v. Thompson, 125 S. W. 320; Luter v. Ihnken, 143 S. W. 675.

[2] In the case last cited it is held that the effect of the provision quoted is to make such judgment, although interlocutory, final for the purposes of an appeal. The appellant having failed to appeal from the order and judgment of the district court of Bexar county, has it the right to question the action of that court in sustaining the pleas on this appeal, which is prosecuted from a final judgment on the merits rendered in the district court of the county to which the case was transferred? We think not. The statute gave it the right to appeal from that order; and when it failed to avail itself of that right it closed the door to any relief from the erroneous order and judgment of the Bexar county district court removing the case, if, in fact, its order was erroneous. Appellant, after failing to appeal when it might have done so, could not take chances on a favorable judgment in the court to which the case had been removed, and then, when the judgment goes against it, complain that it should be reversed simply that plaintiff might have the right to another trial on the merits in Bexar county. The assignment is overruled.

[3, 4] After the rendition of the judgment appealed from, and after appellant's motion for a new trial had been overruled, it applied for and obtained from the court an order extending for 30 days time in which to file a statement of facts, and at once requested the official stenographer to transcribe his stenographic notes of the evidence taken at the trial and to file his report, in question and answer form, with the clerk; and, although appellant's attorneys repeatedly urged the stenographer to transcribe his notes and file his report, this official failed to do so. Seeing that the stenographer would not file the report within the 30 days, appellant's attorneys applied for and procured another order, which granted 30 days additional, or 60 days in all, within which to file the statement of facts; but, notwithstanding this, the stenographer failed to file his report until the sixty-first day. At this time the trial judge was in Virginia, and appellant could not apply to him in person for another extension; nor did it ask by mail or otherwise for additional time. The action of the court stenographer in failing to file his report within the time allowed by the order of the court is made the basis of appellant's second and third assignments of error, under which the following proposition is advanced: "Under the statute now existing and as in force at the

time of the trial of this case, on demand, it was the duty of the official court stenographer to prepare, certify to, and file with the clerk a transcript of the evidence adduced upon the trial, in question and answer form, and all other proceedings had upon the trial, and upon failure so to do this court should reverse and remand the case without further consideration."

Appellant's motion for a new trial was overruled June 1, 1911, and the court adjourned the next day. The 60 days allowed by the court permitted the filing of the statement of fact as late as August 1st. The stenographer's transcript was filed August 2d. Appellant's appeal bond was filed June 22, 1911, and it had 90 days thereafter in which to file the transcript in this court on appeal. The act of the Thirty-Second Legislature, c. 119, went into effect on the 11th day of June, 1911, and was in force at the time appellant perfected its appeal. Elliott v. Ferguson, 100 Tex. 418, 100 S. W. 911. Under that act, "any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within the time allowed by law for filing same." Cook v. Seay, 143 S. W. 676. The transcript was filed in this court on August 28, 1911. Although the transcript was not required to be filed until 90 days after the appeal was perfected, and notwithstanding appellant had until that time to procure and file a statement of facts, no effort it seems was made by it in this regard after the 60 days allowed by the court's order had expired. We do not think appellant can avail itself of the negligence of the stenographer in failing to file the transcript of the evidence within 60 days, when it has offered no explanation or excuse for its failure to file the statement of facts within the 90 days now allowed by law. It is no valid excuse for failure to file a statement of facts that the appellant, for causes beyond his control, could not procure such statement within the time provided by law; for article 1382, Sayles' Civil Statutes, which is still in force, provides, in substance, that if an appellant shall have filed a statement of facts after the time prescribed by law, and shall show to the Court of Civil Appeals that the failure to file same within said time was not due to the fault or laches of himself or his attorney, and that such failure was the result of causes beyond his control, the Court of Civil Appeals shall permit such statement of facts to remain as a part of the record, and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time. Appellant did not avail itself of the right conferred by this statute, but, so far as the record shows, did little or nothing toward procuring the statement of facts after the expiration of the 60 days. We think the assignments urging the point present no reversible error, and they are overruled.

Appellant's fourth, fifth, sixth, seventh, eighth, and ninth assignments question the jurisdiction of the court to grant affirmative relief to appellee on their cross-bill or plea in reconvention; its contention being that the court had no power to hear and determine the issues raised by defendant's cross-bill, in the absence of the issuance and service of citation on the plaintiff, and contending, in this connection, that no such citation had been so issued and served.

[5, 6] Citations issued in any proceeding are ordinarily no part of the transcript of the record to be brought to this court on an appeal; and the record is silent as to whether such citation was issued or not. In the absence of an affirmative showing to the contrary, it will be presumed, in all cases where there has been a trial on the merits, and all parties at such trial are present and prosecuting the suit or defending it, that the party against whom a cause of action is asserted had either been served with citation, or had waived service. But aside from this presumption, we think that under the facts of this case the issuance and service of citation were obviated. The pleadings of defendant setting up the cross-action against plaintiff were regularly filed by leave of the court, and the plaintiff appeared and announced ready for trial on the issues joined, as shown by the recitals in the judgment, and, when judgment went against it, gave notice of appeal. Such appearance was a waiver of citation on the cross-action set up by defendant in its answer. Hinchman v. Herring, 37 S. W. 184; De Walt v. Snow, 25 Tex. 320; Turner v. Houston, 21 Tex. Civ. App. 216, 51 S. W. 642; Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303; Stewart v. Anderson, 70 Tex. 599, 8 S. W. 295. The assignments are overruled.

[7] It was not essential to the validity of the judgment rendered in this case that the jury by its verdict should have specifically passed upon the regularity or validity of the removal of the West Texas Bank & Trust Company, as trustee, in the deed of trust given to secure bonds issued by appellant. The court withdrew this issue from the jury, and it could not therefore have been comprehended in the verdict. In the absence of a statement of facts, we cannot presume that the evidence raised any issue of fact on this point to be submitted to the jury. The assignment raising the point is overruled.

The statement subjoined to the eleventh and twelfth assignments is wholly insufficient to warrant us in passing upon the assignments, and for that reason the assignments will not be considered.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.