### EVANS et ux. v. GALBRAITH–FOXWORTH LUMBER CO. et al.
#### No. 3759.

Court of Civil Appeals of Texas. Amarillo.
Nov. 18, 1931.

Rehearing Denied Dec. 2, 1931.

Works & Bassett, of Amarillo, Lackey & Lackey, of Stinnett, and Hoover, Hoover & Cussen, of Canadian, for appellants.

Madden, Adkins, Pipkin & Keffer and Underwood, Johnson, Dooley & Simpson, all of Amarillo, G. C. Harney, of Borger, and Jos. H. Aynesworth, of Stinnett, for appellees.

JACKSON, J.

On a former appeal of this case, the judgment was reversed and the cause remanded on account of the misconduct of the jury. Evans et al. v. Galbraith-Foxworth Lumber Co. et al. (Tex. Civ. App.) 31 S.W.(2d) 496.

The record in this appeal was filed in this court on September 26, 1931, and on September 29th thereafter the appellees by written motion moved to strike the transcript and statement of facts filed and dismiss the appeal because the appellants failed to file the transcript in this court and failed to file the statement of facts in the lower court, within the time prescribed by law.

Appellees' motion was duly submitted, and on October 14, 1931, by order was passed to be considered with the merits of the case, but, as it will not be reached on regular submission for some time, we are, at the request of appellants, disposing of the motion independent of any consideration of the merits involved in the appeal.

The facts as disclosed by the record are that on June 4, 1931, at a regular term of the district court of Hutchinson county, Tex., the trial of this case was begun, and on June 12th thereafter, in compliance with the verdict of the jury, judgment was rendered in favor of appellees, and on the same day appellants filed their motion for new trial, which was, on said date, overruled, and they were given ninety days' time in which to file statement of facts and bills of exceptions. Appellants gave notice of appeal, and on July 1, 1931, filed their appeal bond. The term of court at which the case was tried was one which by law could continue, and in fact did continue more than eight weeks.

On June 12, 1931, the date on which final judgment was rendered, and on July 1st thereafter, the date on which appellants filed their appeal bond, article 1839, R. C. S., was in effect, and provided: "In appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error; provided, that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

This act was amended by the Forty-Second Legislature at its regular session, c. 66, § 1 (Vernon's Ann. Civ. St. art. 1839), to read: "In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe." And repealed all laws in conflict with the amendment.

Amended Acts 1931, 42d Legislature, p. 100, c. 66, § 2.

This amendment does not restrict its operation to cases tried after it became effective, which was on August 21, 1931.

In Elliott et al. v. Ferguson et al., 100 Tex. 418, 100 S. W. 911, the Supreme Court holds: "We regard it as settled that a statute which operates only on procedure to be had after it goes into effect is not to be regarded as retroactive. The procedure, being always within the control of the Legislature, must, as a general rule, conform to the law in force when it is taken, and a statute of this character is to be treated as intended to govern all such proceedings as are to be had after it begins to operate unless a different intent is to be gathered from its provisions."

In 3 Tex. Jur. 272, the author says: "In accordance with a general rule relating to statutes of limitation on the prosecution of claims, which declares that a newly enacted limitation applies to existing claims provided a reasonable time to enforce them is allowed, a change in the statutory period within which an appeal may be taken is applicable to judgments rendered prior to the taking effect of the new law. In computing the period in which to appeal, the time which has elapsed under the former period of limitation will be counted in the ratio which it bears to the whole period thereunder, and the time allowed under the new law will be computed on the basis of such ratio. The result is, for example, that if under the old law two-thirds of the time has expired, one-third of the period prescribed by the new limitation would be allowed in which to sue out a writ of error. This rule is qualified by that which declares that the new statute must allow a reasonable time after it goes into effect in which to institute proceedings."

The text is supported in Odum v. Garner, 86 Tex. 374, 25 S. W. 18, 19; Wichita Valley Ry. Co. v. Carter (Tex. Civ. App.) 225 S. W. 592; Zarate v. Gantu (Tex. Civ. App.) 225 S. W. 285; Jowell v. A. G. McAdams Lumber Co. (Tex. Civ. App.) 224 S. W. 1114; Cameron County Irr. Dist. v. Bankers' Trust Co. (Tex. Civ. App.) 223 S. W. 249; Orange & N. W. Ry. Co. v. Fairchilds (Tex. Civ. App.) 220 S. W. 798; Orange & N. W. Ry. Co. v. Pruter (Tex. Civ. App.) 220 S. W. 797; Compton v. Ashley (Tex. Civ. App.) 28 S. W. 924; Martin v. Kuykendall (Tex. Civ. App.) 26 S. W. 144; Garce v. Buffington (Tex. Civ. App.) 25 S. W. 317.

Under the law as it existed on June 12th, the date of the final judgment against the appellants, they had ninety days from July 1, 1931, the date they perfected their appeal by filing their appeal bond, in which to file in this court the transcript. This ninety days ended September 29, 1931. The new law became effective on August 21, 1931.

In construing the statute providing for the appointment of official stenographers, the method of preparing and filing statements of facts, and the time within which such statements must be filed, the Court of Civil Appeals in Garrison v. Richards et al., 107 S. W. 861, 866, says: "Does this act apply to appeals from judgments rendered prior to the time the law took effect? We think it does as to all proceedings occurring after it became operative. Statutes, affecting procedure only govern all future proceedings after they become effective, unless a contrary intent is expressed"—citing authorities.

Appellants concede by computing the time which elapsed under the old law that seventy days or seven-elevenths of the time for filing the transcript in this court had expired when the amendment became effective on August 21, 1931, and, if the time allowed by the amendment be computed on the same ratio, they had four-elevenths of the time prescribed by the amendment, or twenty-two days after the new law went into effect, to file the transcript in this court.

They contend, however, that the twenty-two days remaining after the amendment became effective did not leave them a reasonable time in which to file the transcript, and therefore the ratio rule of computing the time has no application to this appeal.

In Odum v. Garner, supra, the Supreme Court says: "Applying this rule, plaintiffs in error had less than two months' time remaining under the former law at the time that the new law took effect, which would have been about one-twelfth of the two years; and, giving him the benefit of the same proportion of the new law, he had about one month after it took effect, or to the 1st of October, to file his petition."

This one month, which was one-twelfth of the time allowed under the new law and one twenty-fourth of the time allowed under the the old law, was held to be reasonable. In this case seventy days of the time allowed appellants under the old law had elapsed, and forty days' time remained under the old statute. After the new law took effect, they had twenty-two days in which to file their transcript in this court, which was approximately one-fifth of the time allowed by the old law and approximately one-third of the time allowed by the new law, and in our opinion this was a reasonable time.

In Re Lawrence's Estate (Tex. Civ. App.) 146 S. W. 701, 702, the court holds: "While rule 96 provides that the filing of an appeal bond shall be sufficient application to the clerk to prepare the transcript, rule 95 prescribes that he shall deliver it to either party or his counsel on demand, and rule 98 prescribes that he shall make an endorsement upon it, showing by whom it was applied for and to whom it was delivered."

The indorsement on this transcript discloses that it was applied for by appellants on September 11, 1931, and delivered to their attorneys on the 16th day of September, 1931. It was filed in this court on September 26th, ten days after it was delivered to appellants' attorneys.

The filing of a transcript within the time allowed is not jurisdictional in the sense that an appeal bond or application for writ of error is jurisdictional, but failure to file in time, unless such failure is waived or sufficient excuse for delay is shown, justifies a dismissal of the appeal. 3 Tex. Jur. p. 723.

There is no suggestion of a waiver by appellees of the time for filing the transcript and no motion filed by appellants, either under the old law or the new law, attempting to show any excuse for their failure to file the transcript within the time allowed.

The statement of facts is marked "filed" in the trial court September 7, 1931, but the record discloses, and it is admitted, that this file mark was placed on the statement of facts when it was delivered to the clerk before it had been agreed to by counsel for appellees or approved by the judge; that the statement of facts was signed on September 23d by appellees' counsel, who reserved the right to move to strike the statement because not filed in the trial court within the time allowed; that it was approved by the trial judge on September 24th and ordered filed. The trial judge is authorized to extend the time of filing a statement of facts beyond the time allowed by statute (Rev. St. 1925, art. 2246), for good cause shown, "But the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law." Heflin v. Eastern Ry. Co. of New Mexico, 106 Tex. 23, 155 S. W. 188, 191. This is held to be the only absolute limitation upon the trial judge in permitting the filing in the trial court of a statement of facts. Ziegler et al. v. Hunt (Tex. Com. App.) 280 S. W. 546.

If we are correct in holding that appellants failed to file the transcript within the time provided by law, that such failure was not waived by appellees, and no good cause shown for such failure by appellants, it follows that appellees' motion to strike the transcript must be sustained, and, as the statement of facts cannot be filed in this court after the time has elapsed for filing the transcript, the motion to strike the statement of facts should also be sustained, and the appeal dismissed.

This term of court convened October 5, 1931. On October 10th the appellees filed what they styled their motion "In the Nature of a Motion to Affirm on Certificate."

Having sustained appellees' motion to strike the transcript and statement of facts and dismiss the appeal, we are without jurisdiction to pass upon the motion to affirm on certificate. Lumbermen's Reciprocal Association v. James (Tex. Civ. App.) 35 S.W.(2d) 458, 459.

The appeal is dismissed.