## TEXAS & P. RY. CO. v. PHILLIPS et al.
### No. 1006.

Court of Civil Appeals of Texas. Eastland.
Jan. 8, 1932.

H. C. Shropshire, of Weatherford, for appellant.

Grisham, Patterson & Grisham, of Eastland, for appellees.

LESLIE, J.

On November 30, 1931, the appellees, Eugene Phillips and others, filed a motion in this court to strike out the transcript and statement of facts filed and dismiss the appeal because the appellant, Texas & Pacific Railway Company, failed to file the transcript in this court, and failed to file the statement of facts in the lower court within the time prescribed by law. The record tendered shows that the final judgment in

the cause was rendered in the trial court July 7, 1931. The appellant's motion for a new trial was overruled July 30, 1931. The transcript and statement of facts were filed in this court November 17, 1931. The appellant's appeal bond was filed August 19, 1931, and, under the old law (article 1839, R. C. S. 1925), the appeal was then perfected. Had there been no change in the law, the transcript would have reached this court within the time prescribed, since it was filed here November 17, 1931, 90 days after the appeal was perfected.

Appellees base their right to have the transcript stricken upon the authority of said article 1839, as amended by the Forty-Second Legislature, General Laws, c. 66, p. 100 (Vernon's Ann. Civ. St. art. 1839), which, as amended, requires the transcript to be filed "within sixty days from the final Judgment or Order overruling motion for new trial." This law took effect August 21, 1931.

■ It therefore appears that, at the time the amended statute took effect, 2 days allowed the appellant under the old law had expired; that is, $\frac{2}{90}$ths of such time had expired when the law prescribing 60 days within which to file the transcript became effective. In such case, under the state of this record, the appellant was entitled to $\frac{88}{90}$ths of the 60-day period allowed by the law as amended. Computing such time, it is found that the same would be $58\frac{6}{6}$ths days, or 59 days, disregarding fractional parts of days. Hence the appellant had 59 days in which to file the transcript after the amended law went into effect, which conclusion is arrived at by an application of the rule laid down by our Supreme Court in Odum v. Garner, 86 Tex. 374, 25 S. W. 18, and followed by various courts of this state in a great number of cases, among which are two very recent ones, construing the amended statute here invoked. The authorities are collated in 3 Tex. Jur. p. 272, under section 178, and the two recent authorities are Evans v. Galbraith-Foxworth Lbr. Co. (Tex. Civ. App.) 43 S.W.(2d) 481, and Fidelity Union Casualty Co. v. Farmers' & Merchants' Lumber Co. (Tex. Civ. App.) 43 S.W.(2d) 147. The rule laid down in the above authorities for determining the correct time allowed an appellant for filing his transcript in this court, where an appeal is begun under an old statute which has been superseded by a new one, is stated in Tex. Jur., supra, as follows: "In computing the period in which to appeal, the time which has elapsed under the former period of limitation will be counted in the ratio which it bears to the whole period thereunder, and the time allowed under the new law will be computed on the basis of such ratio. The result is, for example, that if under the old law two-thirds of the time has expired, one-third of the period prescribed by the new limitation would be allowed in which to sue out a writ of error."

The rule applies the same in the case of an appeal.

From the foregoing authorities, it is seen that the new law or the amended statute relied upon by the appellees applies from the date (August 21, 1931) when it became effective, and the time thereafter allowed is determined in accordance with the rule stated.

■ The amended statute, being of a remedial or procedural nature, is not to be regarded as retroactive. Elliott et al. v. Ferguson et al., 100 Tex. 418, 100 S. W. 911; Evans v. Galbraith-Foxworth Lbr. Co., supra; Fidelity Union Casualty Co. v. Farmers' & Merchants' Lbr. Co., supra.

Further, in this case no contention is made that the appellant did not have a reasonable time under the amended law in which to file the transcript.

Under the foregoing facts and the rule stated, this court is of opinion that appellant had a reasonable time under the amended statute in which to file the transcript in this court, and, having failed to do so, it is our duty, under the authorities, to sustain appellees' motion and strike out the transcript.

■ There is before us a further motion by appellees to affirm on certificate the judgment of the trial court. As to that motion, we are without jurisdiction, by reason of our action in the premises, to pass upon the same, and it will be dismissed. Evans v. Galbraith-Foxworth Lbr. Co., supra.

For the reasons assigned, it is therefore the order of this court that the appellees' motion to strike out the transcript and dismiss the appeal be sustained, and that the motion to affirm on certificate be dismissed.