CHARLEY LEWIS, BY NEXT FRIEND, v. TEXAS & PACIFIC RAILWAY COMPANY.

Decided November 7, 1907.

**Appeal—Security for Costs—Suit by Next Friend.**

A minor suing by next friend can not prosecute an appeal without giving security for costs upon an affidavit that he is unable to pay or secure them (Rev. Stats., art. 1401). The next friend is liable for costs and his inability should also be shown (Sayles' Stats., art. 3498u).

Appeal from the District Court of Red River County. Tried below before Hon. Ben H. Denton.

*Eugene Black* and *C. M. Chambers,* for appellant.

*Head, Dillard & Head,* for appellee.

WILLSON, CHIEF JUSTICE.—This suit was brought and prosecuted in the District Court of Red River County by Charley Lewis, a minor eleven years of age, by his next friend, James Jackson. A trial resulted in a verdict and judgment in favor of the appellee. Appellant gave notice of an appeal, and, in lieu of a bond, is prosecuting same on an affidavit showing his inability to pay the costs of an appeal or to give security therefor, as provided by art. 1401, Sayles' Stat. The case is now before us on a motion made by appellee to dismiss the appeal on the ground that the affidavit in lieu of a bond having been made by the minor is not sufficient. Appellee insists that the rule which denies to the minor the right alone to prosecute a suit and requires him to sue by his next friend, operates to make the next friend responsible for the costs of the litigation; and that therefore an affidavit in lieu of a bond on appeal, which fails to show that the next friend is unable to pay the costs of such appeal or give security therefor, will not confer on an Appellate Court jurisdiction of an appeal.

In many jurisdictions it has been held that a judgment for costs

may be rendered against the next friend, if the infant plaintiff fails in his suit. (5 Ency. Plead & Prac., 155, 156.) And the Supreme Court of this State, in Johnson v. Taylor, 43 Texas, 123, held it not to be error to adjudge the costs against the next friend. If the costs can be adjudged against the next friend when the infant fails in his suit, they can be so adjudged because by assuming the character the next friend becomes legally liable to pay them; and if he becomes legally liable in his character as next friend to pay the costs, we think it follows that in the prosecution of the suit he must, if he can, pay or secure the costs, and if he can not pay or secure them, the fact that he can not must be shown in the way prescribed by law. Independent of the declaration in section 1 of the Act approved February 11, 1893 (Gen. Laws, p. 3, Sayles' Stat., art. 3498u), we therefore would be inclined to hold that appellee's motion to dismiss the appeal should be sustained. But the statute referred to, after declaring that "any minor having a sufficient cause of action, and who has no legal guardian, can bring suit in any of the courts of this State by next friend, and such next friend shall have the same rights concerning such suit and the matter therein involved as if he was guardian of such minor," expressly provides that such next friend "shall not be relieved from giving security for costs, or affidavit in lieu thereof." This declaration of the law seems to be conclusive of the question. The motion, therefore, is sustained and the appeal is dismissed

*Appeal dismissed.*