## WARREN v. PACE. (No. 6668.)

(Court of Civil Appeals of Texas. Austin. Feb. 21, 1924.)

**1. Appeal and error ⬳627(1)—Filing of transcript within prescribed time not jurisdictional.**

The filing of a transcript in the appellate court within the 90 days allowed therefor is not jurisdictional in the sense that the filing of an appeal bond or application for writ of error is jurisdictional, but merely a requirement fixed by statute and the rules of the court within which same should be filed.

**2. Appeal and error ⬳389(1)—Certificate of strict proof not essential to perfection of appeal where affidavit made before court.**

Under Rev. St. art. 2098, relating to the manner of perfecting an appeal, where appellant is unable to pay costs thereof, where the affidavit of such inability is made before the court before whom strict proof of his inability to pay is made, the additional certificate by the court of such inability is unnecessary, though it is essential to perfection of the appeal where the affidavit in lieu of bond is made before another than the court.

**3. Appeal and error ⬳564(5)—Permission to file statement of facts after expiration of time held warranted.**

Where appellant's leading counsel who had been actually engaged in the preparation of the appeal was taken seriously ill and continued so until within a few days before the expiration of the time for filing a statement of fact, *held*, permission to file after the expiration of the prescribed time was warranted.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Action between Joe Warren and W. A. Pace. Judgment for the latter, and the former appeals. On appellant's motion to file statement of facts and appellee's motion suggesting a want of jurisdiction. Motion suggesting want of jurisdiction overruled, and motion to file statement of facts granted.

Critz & Woodward, of Coleman, for the motion.

O. L. Parish and A. K. Doss, both of Ballinger, opposed.

BLAIR, J. On June 23, 1923, we overruled appellee's motion to dismiss because the transcript was filed 91 days after the date appellant filed his affidavit in lieu of an appeal bond. 253 S. W. 632. In this order, we held that it required, in addition to the affidavit in lieu of an appeal bond, a certificate of the county judge of the county of the residence of the party appealing, where it was shown that he lived in another county than the one in which the case was tried, to perfect the appeal, and that the appeal was not perfected until the filing of the last-named instrument. Appellee now suggests that we were in error in this holding, and that the error is a fundamental one apparent on the face of the record, and that we now have jurisdiction to dismiss the appeal even after the term of the court at which the instructions were given to the clerk to file the transcript had expired.

[1] The filing of the transcript on appeal in the appellate court within 90 days is not a jurisdictional question in the sense that the filing of an appeal bond or application for a writ of error are jurisdictional questions, but is the time fixed by the statutes and the rules governing Courts of Civil Appeals within which such should be filed, if the time be not extended within the discretionary power of the appellate court; and therefore appellee's suggestion of want of jurisdiction is not well taken.

[2] We do desire to correct, to a certain extent, an erroneous holding in our former opinion, not for any purpose in this case, but that it may not hereafter mislead litigants. We were in error in holding that where the affidavit in lieu of bond was made before the county judge of the county of the residence of the party appealing, it also required his additional certificate that the party appealing had made strict proof before him of his inability to pay costs, etc. The statute names the county judge as the party before whom such affidavit is to be made; and, where it is shown to have been made before him, it dispenses with the necessity of his certificate of strict proof of inability to pay costs, as his certificate to the affidavit in lieu of a bond is tantamount to the same thing, or is a certificate when the affidavit sets forth the fact of inability to pay. The rule announced by us in this opinion is applicable only where the affidavit in lieu of the bond is made before some person not named in the statute, such as a clerk of a court, or notaries public, or when the affidavit does not specifically state affiant's inability to pay. Article

2098, R. S.; Currie v. M., K. & T. Ry. Co., 101 Tex. 478, 108 S. W. 1167; Thompson v. Hawkins (Tex. Civ. App.) 38 S. W. 236; Wooldridge v. Roller, 52 Tex, 447; Dew v. Weekes (Tex. Civ. App.) 53 S. W. 706; Wells v. Driskell, 105 Tex. 81, 145 S. W. 333; Powell v. Hill (Tex. Civ. App.) 152·S. W. 181; H. E. & W. T. Ry. Co. v. Hillen (Tex. Civ. App.) 193 S. W. 782.

[3] We grant appellant's motion to file the statement of facts. On the ninety-third day after filing his affidavit in lieu of a bond, appellant tendered the clerk of this court for filing a statement of facts. The statement of facts was not filed by the clerk, hence this motion. We exercise that discretion given this court in permitting belated portions of the record to be filed in this case, upon the showing made by appellant that his leading counsel, who was actually engaged in the preparation of this appeal, was taken seriously ill shortly after perfecting this appeal and continued so for some six weeks, and until a few days before the 90 days had expired in which to file the transcript and statement of facts in this case.

Motion suggesting want of jurisdiction overruled, and motion to file statement of facts granted.