## WALKER et al. v. LYLES et al.
### No. 4176.

Court of Civil Appeals of Texas. Texarkana.
Dec. 19, 1931.

Rehearing Denied Jan. 14, 1932.

Barkley & Webb, of Houston, and Joseph H. Byers, of Henderson, for appellants.

Cecil L. Simpson and Monta R. Ferguson, both of Dallas, R. E. Seagler, of Houston, and C. F. Richards, of Lockhart, for appellees.

LEVY, J. (after stating the case as above).

The new act of 1931 in nowise undertakes, as is apparent from its terms, to change or modify the time allowed for taking or perfecting appeal or writ of error. The separate and distinct articles bearing upon the prosecution of appeal remain as they were and unchanged. Article 2253 (as amended by Acts 40th Leg. c. 15 [Vernon's Ann. Civ. St. art. 2253]), and arts. 2255, 2092, § 31, Rev. St. And neither can the new act be regarded as in the nature of legislation taking away certain grounds of appeal, as, for instance, in Cotton Ass'n v. Lennox (Tex. Civ. App.) 296 S. W. 325. For the amended act and its purpose relate to matters purely of legal procedure, of the time for the filing of the transcript of the record of the cause as certified to the appellate court. A transcript is but a certified copy of the proceedings had in the trial court. Article 2278; Escavaille v. Stephens, 102 Tex. 514, 119 S. W. 842. And the filing of a transcript in the appellate court is merely a step in the prosecution of the appeal after the appeal is taken and perfected. 3 Tex. Jur. § 488. Therefore questions respecting the jurisdiction of the courts to hear an appeal or rights of parties to have an appeal or of vested rights of parties are matters entirely apart from the present question involving only procedure. The new act being one purely of regulation of procedure on appeal, as within the power of the Legislature to enact (36 Cyc. p. 1213, par. 2), the decision of the present motion must depend solely upon whether or not the new act has application to cases pending at the time it took effect. For, as admittedly appears, if the new act does not have application, then the filing of the record in this appeal has not overrun the ninety days allowable by the act before its amendment to file same with the clerk of this court. As will be observed, the new act expressly repeals "all laws and parts of laws in conflict herewith," and has no saving clause as to actions or appeals then pending, nor any provisions which are ordinarily considered (36 Cyc. p. 1204b) as indicating the purpose and intention of declaring that it is not retrospective. The rule of construction generally applied is that an act dealing with matters classed as procedure only applies, unless the contrary intention is expressed, to all actions and proceedings falling within its terms, whether commenced before or after its passage. The following citations support the rule: 1 Lewis' Sutherland Stat. Con. (2d Ed.) § 285; 36 Cyc. p. 1228g; Cooley on Con. Lim. (7th Ed.) p. 528; 3 Tex. Jur. § 516; 25 R. C. L. § 24, p. 778; Elliott v. Ferguson, 100 Tex. 418, 100 S. W. 911; Pierce v. Watkins, 114 Tex. 153, 263 S. W. 905; Plummer v. Van Arsdell, 117 Tex. 200, 299 S. W. 869; De Cordova v. City of Galveston, 4 Tex. 470; Odum v. Garner, 86 Tex. 374, 25 S. W. 18; Garce v. Buffington (Tex. Civ. App.) 25 S. W. 317; Rwy. v. Pruter (Tex. Civ. App.) 220 S. W. 797; Rwy. v. Carter (Tex. Civ. App.) 225 S. W. 592; Zarate v. Cantu (Tex. Civ. App.) 225 S. W. 285; Karczmarzyk v. Kerr (Tex. Civ. App.) 3 S.W.(2d) 928. Legislation of this character, however, which changes or affects remedies of causes then pending, has the limitation imposed upon it, as operating upon its validity, that its terms must not either work a denial altogether of any remedy, or of denial of a reasonable time for the prosecution of the rights before the bar takes place. Cooley on Con. Lim. (7th Ed.) "Change of Remedies," p. 406; 25 R. C. L. § 27, p. 80; Odum v. Garner, 86 Tex. 374, 25 S. W. 18, 19; De Cordova v. City of Galveston, 4 Tex. 470; State v. Wygall, 46 Tex. 447; Grigsby v. Peak, 57 Tex. 142, and other cases. Yet the present act by a fair construction of its terms may not be held subject to either one of such objections. The general language of the new act is broad enough to give the right to file the transcript after appeal as well to pending causes or appeals as to prospective causes or appeals. The right to file the transcript in all cases remained in force under the new act the same as under the old law, with only a change in the time required to do so. One period of time was merely substituted for another. And the general provisions of the act and the time the statute became operative affords, as contemplated it should, a reasonable time for the assertion and prosecution of all pending rights before the bar takes place. The new act did not in fact become effective at once upon its passage, but ninety days after the date of the adjournment of the Legislature. Further, the proviso of the act expressly extends and allows to the appellant, in pending causes and appeals as well as in prospective causes and appeals, the right to have extension of the time, in avoidance of the bar, upon "good cause shown before the expiration of such sixty day period." There is then neither denial altogether of any remedy nor denial of a reasonable time for assertion and

prosecution of rights before the bar takes place.

■■■ In the case of Odum v. Garner, supra, there was considered by the Supreme Court a new statute lessening the time allowable for suing out a writ of error. The questions before the court were, whether or not the suing out of the writ was governed (1) by the old law, or (2) by the new law after allowing "the rule made in Gautier v. Franklin, 1 Tex. 732." The Supreme Court, after discussing the provisions of the new law, observed, viz.: "The general rule as to statutes of limitation, where a different period is substituted, is that the new law applies, provided that a reasonable time is given within which to prosecute the claim"—citing cases. The rule there stated is the same general rule herein aforementioned in this opinion. The Supreme Court then, applying that rule to the provisions of the new act, held the new act valid and applicable and governing the prosecution of the writ of error, because "the time allowed was reasonable," since by the terms of the new act "plaintiff could have filed his petition at any time prior to the date when the law took effect," which was four months and eighteen days after it was passed. The Supreme Court then further proceeded to affirmatively decide that, in construing new statutes lessening the time governing appeals or writs of error, the same rule should be applied as was applied in case of Gautier v. Franklin, "in construing statutes of limitation of actions." In the case of Gautier v. Franklin, referred to, the court there construed the statute as including "the benefit of the time, which had been acquired before the repeal of the laws of prescription." In that case, though, which was unlike the instant appeal in that respect, there was a space of time intervening between the old and new laws. The court in allowing the time to be ratably computed which had already run at the date the new act became effective was undertaking to avoid giving the law a retrospective aspect. At all events, the rule as approved in Odum v. Garner, supra, must be taken, as was intended to be, the definitely settled and governing rule in this state, although arising as a matter of pure construction in matters of appellate procedure. The rule means that, as respects causes then pending, where one period of time takes the place of another within which to file the record on appeal, the time which has already run at the date the new act became effective must be ratably applied and computed in ascertaining the time which would bar the right under the new act. Applying that rule to the present appeal, the time for filing the transcript and statement of facts was overrun on October 15, 1931. Accordingly the motion to strike out the transcript and statement of facts must be sustained unless it be allowable for the appellant, as urged by him, upon the alleged grounds shown as good cause, to have the transcript filed after the prescribed time was overrun. Article 1839 before its amendment in general terms and without restriction of time, as a matter of uncontrolled discretion, authorized the appellate court to "permit the transcript to be thereafter [meaning after the prescribed ninety days was overrun] filed" merely upon the showing made of a "good cause" for overrunning the prescribed time. But under article 1839, after amended, a different intent is to be gathered from its provisions. Neither the discretion of the court nor the right of the appellant, as before, is unrestrained and unrestricted, but is incumbered with conditions and a fixed period for its exercise. The right of the appellant to have extension or lengthening of the prescribed time of filing the transcript in the appellate court is expressly made to depend upon the showing therefor of "good cause" being first presented to the appellate court "before the expiration of such sixty day period." The condition was evidently intended to define and limit the timely exercise of the right to have an extension of the prescribed time; hence the courts would be bound to follow the legislative will as respects the time to apply for and have granted an extension of the time. As all other articles "in conflict" with the new article 1839 were repealed, the new article alone would control. The cases which are cited in support of the request for extension of time are under article 1839 before the present amendment, and therefore are not applicable here. Rwy. v. Waggoner, 102 Tex. 260, 115 S. W. 1172; Kennedy v. Wheeler (Tex. Civ. App.) 256 S. W. 315; and other cases. This appeal would fall within the amended article because the application for extension was not made "within the sixty day period."

■■■ It is the well-established rule that, in case the transcript is not filed in the prescribed time, the right to an affirmance on certificate is absolute. 3 Tex. Jur. § 532. The appellant, though, makes the point that the present motion cannot be granted because it was not filed at the term of the appellate court during which the appeal bond was filed (August 4, 1931), but was filed at the succeeding term beginning the first Monday in October, 1931. It is believed the cases do not mean to hold that the motion for affirmance must at all events be filed during the same term at which the appeal bond was filed, although the limit of the prescribed statutory time for filing the transcript has not overrun. The statute does not so provide nor contemplate. The rule appears announced that a motion for affirmance of a judgment is filed too late, and cannot be granted in case only it is filed at a term of the appellate court other than that at which the transcript could have been and should have been filed, under the time prescribed by the statute. The following cases go to support that rule, and also

show the facts constituting untimely filing of the motion for affirmance of the judgment. Tel. Co. v. Wofford, 32 Tex. Civ. App. 427, 72 S. W. 620, 74 S. W. 943; Thorn v. Lanier, 57 Tex. Civ. App. 67, 121 S. W. 715; Holland v. McFarland (Tex. Civ. App.) 152 S. W. 1195; Chambers v. Grisham (Tex. Civ. App.) 155 S. W. 959. By the clear terms of the statute, the right to file the motion for affirmance of the judgment is not made available before and until after the time prescribed has overrun for filing the transcript in the appellate court. Articles 1841, 1839; Rwy. v. Hall (Tex. Civ. App.) 76 S. W. 590; Moore v. Hitchler, 16 Tex. Civ. App. 44, 40 S. W. 197. There is no statute or rule of the court otherwise providing for the filing of the motion for affirmance of the judgment. The default in not taking the required steps within the required time after appeal of filing the record to enable the appellate court to review and revise the proceedings of the trial court is the very and only act which legally warrants the filing of a motion for affirmance of the judgment appealed from. In the present case, the time within which to file the transcript was not overrun until October 15, 1931, and the right to file the motion for affirmance of the judgment did not arise under the statute before that date.

In view of the law, the motion for affirmance of the judgment on certificate is granted.