## C. S. HAMILTON MOTOR CO. v. MUCKLE-ROY.

### No. 11198.

Court of Civil Appeals of Texas. Dallas.
Jan. 16, 1932.

Dissenting Opinion Jan. 27, 1932.
Rehearing Denied Feb. 6, 1932.

See, also, 33 S.W.(2d) 260.

D. A. Frank, of Dallas, and Wynne & Wynne, of Wills Point, for appellant.

Butler, Price & Maynor, of Tyler, for appellee.

LOONEY, J.

Appellee moves to strike from the record the statement of facts and transcript, on the ground that appellant failed to file the transcript here until after the expiration of 60 days from the order overruling its motion for a new trial, and made no showing before said expiration of good cause for the dereliction.

In answer to the motion appellant contends that it does not appear and cannot be determined, without indulging an adverse presumption, that the transcript was not filed in this court within 60 days from the entry upon the minutes of the order overruling its motion for a new trial; and, furthermore, that the controlling statute does not require that the showing of good cause for failure to file the transcript be made within the 60-day period, but only requires the exercise of diligence by the appealing party to file within the specified time.

The record discloses that appellant's motion for a new trial was overruled October 9, 1931, but the date when the order was actually entered upon the minutes is uncertain, the testimony of the district clerk being to the effect that the order was entered on the minutes not earlier than October 9th and not later than October 16, 1931; hence it is obvious that, if the entry was made on or after October 13th, the filing of the transcript on December 11th was within 60 days from the date of said entry. In this situation, we think it our duty to indulge the presumption that the entry of the order overruling the motion for new trial was made on a date that upholds, rather than on a date that defeats, the right of appeal.

The doctrine seems to be settled in this state that, so long as a judgment pronounced or order made is unentered, it is not appealable, as the right to appeal dates from the actual entry of the judgment or order on the minutes of court. See Lane v. Ellinger, 32 Tex. 370; Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; Palmo v. Slayden, 100 Tex. 13, 92 S. W. 796; Henry v. Boulter, 26 Tex. Civ. App. 387, 63 S. W. 1056; Texas, etc., Co. v. Texas T. & L. Co., 50 Tex. Civ. App. 182, 110 S. W. 140, 142; Trotti v. Kennear (Tex. Civ. App.) 144 S. W. 326, 328; Cooper v. Carter (Tex. Civ. App.) 233 S. W. 1020; Stinnett v. Dudley (Tex. Civ. App.) 277 S. W. 801; Shields v.

Amicable, etc., Co. (Tex. Civ. App.) 287 S. W. 293; Burnette v. Miracle (Tex. Civ. App.) 295 S. W. 214.

There is a line of decisions, however, under the writ of error statute, in apparent conflict with the rule announced in the cases above cited, but we believe the conflict is simply apparent and will disappear when the language of the writ of error statute is taken into consideration. This statute, article 2255 (Rev. St.) reads: "The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered." The time to reckon from, provided in this statute, is the date of the rendition of final judgment. The rendition of judgment is the judicial pronouncement, and its entry upon the minutes of court is the ministerial act of the clerk, two distinct acts. This court, in Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575, drew the distinction and held, in line with the uniform holdings on the subject, that the statute in question reckons the time within which an appeal by writ of error shall be prosecuted, from the date of the rendition of judgment, that is to say, from the date of the judicial pronouncement, and, necessarily, not from the date the judgment is in fact entered upon the minutes.

The statute under review, article 1839, as amended by the Forty-Second Legislature, c. 66, effective August 22, 1931 (Vernon's Ann. Civ. St. art. 1839), reads: "In appeal on Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe."

■ Under this statute, the 60 days within which a transcript is required to be filed in the Court of Civil Appeals begins from the final judgment or order overruling the motion for a new trial, as the case may be, and, under the doctrine of the cases first cited, to the effect that a judgment is not final, in the sense of being appealable, until actually entered upon the minutes of court, we think that, in the sense of the statute, it cannot be said that there is an appealable final judgment or order overruling a motion for new trial, until the same has been actually entered upon the minutes of court, and that the date of such entry must be considered the effective date from which to reckon the 60 days within which necessary steps are required to be taken to perfect the record for appeal. The right to appeal from an adverse judgment is a valuable one guaranteed by the Constitution (City of Fort Worth v. Capps Land Co. [Tex. Civ. App.] 205 S. W. 491), and all statutes of doubt-

ful meaning regulating appeals should be given a construction that upholds, rather than defeats, such right.

■■ But if, within the meaning of the statute, it can be said that, under the facts and circumstances, the transcript was not filed within 60 days from the order overruling appellant's motion for a new trial, still we are of opinion that appellee's motion should nevertheless be overruled, because appellant makes a showing of good cause why the transcript was not sooner filed. Without stating the evidence that shows the efforts put forth by appellant's counsel to have the record perfected in time to be filed within the 60-day period, it may be stated that, beginning on the day the motion for new trial was overruled, and extending throughout the period intervening before the date of filing, appellant's counsel were continuously vigilant and active, and left no reasonable thing undone to perfect the record and file the same in time; in other words, we find that appellant makes a showing of good cause why the transcript was not filed within 60 days from October 9, 1931. Appellee insists, however, that, under the provisions of amended article 1839, a showing of good cause for an extension, made after the expiration of the 60-day period, comes too late. We cannot accept this view, on the contrary, think that the appealing party is only required to exercise reasonable diligence to file during the 60-day period, and, on a showing that this has been done, good cause is shown for extension, without regard to whether the matter is brought to the attention of court before or after the expiration of 60 days from the final order appealed from. A case may be readily imagined where, during the last few hours of the sixtieth day, something occurs that not only prevents a filing on time, but also prevents the litigant from making a showing of good cause before the expiration of the 60-day period.

■ Article 1839, as amended, is in pari materia with other articles in the chapter regulating proceedings, and must be construed in connection with its kindred articles. Article 1841 of the chapter provides for affirmance on certificate where appellant or plaintiff in error fails to file transcript as directed in this chapter (now within 60 days from the final judgment or order overruling motion for new trial), "unless good cause can be shown why such transcript was not so filed." Article 1842 provides that, in all cases where a judgment has been affirmed on certificate, the court may "at any time within fifteen days after such affirmance, permit the transcript to be filed by the appellant or plaintiff in error, and the case to be tried on its merits; provided appellant or plaintiff in error shall show to the court good cause why the transcript was not filed by him as provided in this chapter, * * *" and article 1843 provides that, where court adjourns within 15

days after such affirmance, appellant or plaintiff in error may be permitted to file the transcript at such time as may. be deemed proper and have the case tried on its merits; "provided, said appellant or plaintiff in error shall show good cause why said transcript was not filed as herein directed," etc.

It is obvious that good cause, within the meaning of these statutes, the showing of which prevents affirmance on certificate, and requires the court to set aside a judgment if already rendered, relates alone to the diligence required of the party appealing to procure and file a transcript within the statutory period; and that the time when a showing of good cause is required to be made, not being specified in the statute, is controlled by other circumstances.

It would, in our opinion, be incongruous to assume that the Legislature in the first instance conditioned the right of the appealing party to an extension on the showing of good cause being made within the 60-day period, and in the other instances mentioned permit the accomplishment of the same net result, that is, the defeat or the setting aside of a judgment of affirmance on certificate, based upon the identical showing made, necessarily, after the expiration of time for filing the transcript. Such construction would disrupt the evident continuity of thought and purpose of these different statutes, and, in our opinion, should not be adopted.

We therefore hold, on the issues of fact involved, that the transcript was filed within 60 days from the entry of the order overruling the motion for new trial, and that such filing was in time; and on the construction of the statute we hold that appellant was not required to show good cause, even if such showing was exacted, prior to the expiration of the 60-day period.

As the record is on file, the case will be retained for trial on its merits; the motion to strike is overruled; and, in view of this holding, it is ordered that the motion of appellee to affirm on certificate, deposited with the clerk on the day the motion to strike was presented, be not filed.

Motion overruled.

JONES, C. J. (dissenting).

Though in agreement with the result reached by the opinion of this court through Mr. Justice LOONEY, I am not in agreement with the construction placed on article 1839, R. S. 1925, as amended by chapter 66, p. 100, General Laws of the Forty-Second Legislature (Vernon's Ann. Civ. St. art. 1839), in reference to the time when "good cause" must be shown to the Court of Civil Appeals for extension of the time for filing a transcript in such court. and will express my views on this subject only.

Article 1839, as amended, declares that:

"Appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day perid, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe."

Section 2 of the amendatory act declares that: "All laws and parts of laws in conflict herewith be and the same are hereby repealed."

Prior to this amendment, article 1839 required a transcript to be filed with the clerk of the Court of Civil Appeals within 90 days from perfection of the appeal or service of the writ of error, provided, "that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe." The practice, resulting from the terms of this statute, was that appellant, who was unable by the exercise of due diligence to file a transcript within the statutory 90-day period, would present thereafter the transcript to the clerk of the Court of Civil Appeals, accompanied by a motion for the court to grant permission to file same, setting out the diligence exercised to secure the transcript within the statutory time, and the reason for his inability to do so, and a prayer for an order. to permit the transcript to be filed, notwithstanding the lapse of the 90-day period.

The primary purpose of the Legislature, in enacting the amendment, was to shorten the time within which an appeal could be passed upon by the Court of Civil Appeals. This purpose was accomplished by shortening the time for filing the transcript in such court from 90 to 60 days, and, further, by requiring the appellant, if unable to secure the transcript for filing in the Court of Civil Appeals within said 60 days, to present a motion to such court for extension of time before the 60-day period had expired. In other words, to require an appellant to exercise due diligence to have his transcript filed within the 60-day period, as was required under the former 90-day statute, and also to exercise due diligence to present to the Court of Civil Appeals his showing for good cause for being unable to file the transcript within 60 days. This latter requirement, as to the diligence to be exercised in the Court of Civil Appeals, was not in the former statute. Under its then existing terms and the practice resulting therefrom, it was only necessary for an appellant to present to the Court of Civil Appeals a showing of good cause for failure to. file the transcript within a reasonable time after the expiration of the 90 days, and hence it frequently happened that a further delay in filing the transcript in the Court of Civil

Appeals resulted from this practice, which the Legislature intended to eliminate, by requiring that the good cause should be presented to the Court of Civil Appeals before the expiration of 60 days.

The plain meaning of article 1839, as amended, is that an appellant is allowed 60 days within which to file his transcript, subject to extension of time, provided he presents good cause for such extension to the Court of Civil Appeals, before the expiration of the 60-day period. We can place no other meaning on the language, "provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed," etc. The extension of time is not alone on the condition that good cause exists for requiring such extension, but that good cause must be shown before the expiration of such time.

There is another very potent reason why the Legislature required that, if any good cause should exist why a transcript could not be filed within the 60-day period, it should be shown to the Court of Civil Appeals before the expiration of said period. Under the present enactment, as we construe same, there can exist no period of time between the expiration of the statutory time of 60 days and the extension of this time, under the showing of good cause, where a right exists in appellee to demand an affirmance of the case on certificate, under the terms of article 1841, R. S. Under the law as it existed prior to the act under question, notwithstanding there existed good cause why appellant could not file his transcript in the Court of Civil Appeals within the then statutory time of 90 days, appellee could prepare the necessary record and file in the Court of Civil Appeals a motion to affirm on certificate, and the Court of Civil Appeals might be required, under the existing law, to affirm the case on certificate, and then, in 15 days thereafter, set this affirmance aside and permit the transcript to be filed by appellant under the terms of article 1842. Under such practice, there was confusion among the litigants as to their rights existing under these respective statutes, after the expiration of the 90-day period. By the present enactment, such confusion is avoided in respect to this matter, if the amended statute be construed in accordance with what we conceive to be its plain meaning.

The repealing clause of the article shows that it was the legislative intent that this was to be the only law governing the filing of transcripts in a Court of Civil Appeals. Conflicting laws on this subject are expressly repealed, though such statutes are not specifically named in the repealing clause. An "express repeal is the repeal which is literally declared by a new law, either in specific

terms, as where particular laws or provisions are named and identified and declared to be repealed, or in general terms, as where a provision in a new law declares all laws and parts of laws inconsistent therewith to be repealed." 25 R. C. L. § 163, p. 911.

If articles 1841 and 1842 are by their terms in conflict with article 1839, as amended, such articles, in so far as the conflict exists, are expressly repealed, and the same is true of article 1845, notwithstanding that, prior to the amendment of article 1839, these articles were in pari materia with article 1839, and were so construed.

While not dissenting from the order entered by this court, permitting the transcript to be filed, on the ground first discussed in the opinion of this court, I cannot agree to the second ground so discussed, for the reasons above stated.