## REED v. GREAT AMERICAN INDEMNITY CO.

### No. 1044.

Court of Civil Appeals of Texas. Eastland.

March 18, 1932.

Thomas & McDonald, of Big Spring, for plaintiff in error.

Woodward & Coffee, of Big Spring, for defendant in error.

FUNDERBURK, J.

This case comes to this court upon a writ of error prosecuted to obtain review of a judgment of the trial court sustaining pleas in abatement and dismissing the suit. The defendant in error has filed a motion to dismiss the case, and/or strike out the transcript of the record upon two grounds: (1) Because the transcript was not filed in this court within the time required by law to give jurisdiction, and (2) because the affidavit of inability to pay costs made and filed in lieu of an appeal bond was made only by the minor represented in the suit by his next friend, and such next friend filed no appeal bond and made no affidavit authorizing the prosecution of the writ of error without bond.

█ The facts upon which the first contention is predicated are that the judgment of the court below dismissing the case was entered August 20, 1931. There was no motion for new trial, and therefore no order overruling any motion for new trial. The affidavit in lieu of appeal bond was filed December 2, 1931. The transcript of the record was filed in this court February 4, 1932. The transcript was therefore filed upon the sixty-fourth day after the filing of the affidavit in lieu of bond. R. S. 1925, art. 1839, as amended by Acts 1931, 42d Legislature, p. 100, chap. 66, § 1 (Vernon's Ann. Civ. St. art. 1839), provides that, in appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or "perfection of the Writ of Error," with provision that, for good cause shown "before the expiration of such sixty day period," the court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe. R. S. 1925, art. 2267, provides that the appeal or writ of error, as the case may be, "shall be held to be perfected" when the bond or affidavit in lieu thereof has "been filed." Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544. Said article 1839, before its amendment, gave ninety days from the "service of the writ of error" in which to file the transcript in the Court of Civil Appeals. The amendment therefore changed, not only the period of time, but the event from which the time is to be reckoned, substituting the date of the perfecting of the writ of error, which, as provided in said article 2267, is the filing of the bond or affidavit in lieu thereof. The sixty days' time required had expired when the transcript was filed. The amendment of said article 1839, by its terms, limits our authority to permit the filing of the transcript after the sixty days' time to action upon a motion showing good cause therefor filed before the expiration of said sixty-day period. Walker v. Lyles (Tex. Civ. App.) 45 S.W.(2d) 315. We are therefore forced to the conclusion that we have no jurisdiction to pass upon the merits of the case, and that the motion to strike out the statement of facts and dismiss the writ of error must be granted.

█ Upon the second ground the transcript shows no appeal bond, and only shows an affidavit in lieu thereof made by Edgar J. Reed, who brought the suit in the trial court by Alvis Reed, his father, as next friend. The petition stated that Edgar J. Reed was, at the time of the filing of the suit on April 14, 1931, sixteen years of age. He therefore could not have attained his majority or such an age as to have his disabilities of minority

removed, at the time of filing of the affidavit on April 27, 1931.

The case of Lewis v. Texas & P. Ry. Co., 47 Tex. Civ. App. 425, 105 S. W. 334, seems to be squarely in point upon the proposition that the affidavit was insufficient to confer jurisdiction upon this court. In Biggins v. Gulf, C. & S. F. Ry. Co., 110 S. W. 561, the Court of 'Civil Appeals at Texarkana held that "appellant" or "plaintiff in error," as those terms are employed in R. S. 1925, art. 2266 (as amended by Acts 1931, c. 134, § 1 (Vernon's Ann. Civ. St. art. 2266), refer to and mean the next friend in a case in which a minor, at the time of perfecting an appeal, is represented by next friend. Upon this additional ground the motion would have to be sustained.

Having concluded that the motion should be granted and that the appeal should be dismissed, it is accordingly so ordered.