### REESE et al. v. OWENS et al.
### No. 2271.

Court of Civil Appeals of Texas. Beaumont.
March 29, 1932.

Rehearing Denied April 13, 1932.

G. C. Lowe, of Woodville, for appellants.

J. E. Wheat and Smith & Sandlin, all of Woodville, for appellees.

#### On Motion for Rehearing.[1]

O'QUINN, J.

At a former day of this term we refused appellants' motion to file record herein, and at the same time granted appellees' motion to affirm the judgment of the lower court on certificate. Appellants have filed motion for rehearing, and to set aside our former orders, and to grant motion to file record, offering evidence or showing of good cause for not filing the record in due time.

The appeal was perfected in this case on December 18, 1931. Under article 1839, R. S. 1925, as amended by Act of the 42d Legislature (Gen. Laws 1931, c. 66, p. 100, § 1 [Vernon's Ann. Civ. St. art. 1839]), appellants were required to file the transcript in this court within sixty days from said date, unless this court, "for good cause shown before the expiration of such 60 day period," should "permit the transcript to be thereafter filed upon such terms as it shall prescribe."

Appellants tendered the transcript to the clerk of this court for filing on February 26, 1932, which was after the expiration of the 60-day period prescribed by article 1839, as amended, and the clerk refused to file same. The motions first above mentioned followed with the action thereon indicated.

It is contended that this court has discretion to permit the record to be filed. Under article 1839, as it existed prior to its amendment as aforesaid, such discretion could be exercised by the court, but since the amendment that statute gives this court discretion in the matter of extending the time for filing records only when good cause is shown before the 60-day period provided by the statute has expired. In other words, the plain provision of the statute makes it mandatory that an appellant, to avail himself of the discretion of the court, must make application to this court therefor prior to the time he is required by said statute to file the record herein.

We think it proper to say that the records disclose that the delay in filing the record was caused by the counsel for appellants, long before the expiration of the time for filing the record, being seriously injured in an automobile collision, was carried to a hospital in a county out of the judicial district in which the case was tried, and remained there for quite a length of time undergoing treatment, his injuries being of such nature, as shown by the certificate of the doctor treating him, as to incapacitate him from giving attention to court matters, and also shown by the report of the X-ray specialist who X-rayed him. If we had discretion in the matter, we would grant the extension and order the record filed; but, as we have said, the amended statute leaves us with discretion to act in granting extensions only when the application for same has been filed in this court before the 60-day period has expired. Reasonover v. Reasonover (Tex. Civ. App.) 46 S.W.(2d) 382; Walker v. Lyles (Tex. Civ. App.) 45 S.W.(2d) 315.

The motion for leave to file must be refused. Also the motion to set aside our order affirming on certificate is overruled.

---

[1] No opinion filed on original hearing.