## VAN HORN et ux. v. HIDALGO COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. I.

### No. 8849.

Court of Civil Appeals of Texas.
San Antonio.

May 25, 1932.

Rehearing Denied June 29, 1932.

Carl & Leslie, of Edinburg, for plaintiffs in error.

Neal A. Brown, of Edinburg, for defendant in error.

SMITH, J.

Van Horn sued the water control and improvement district for damages alleged to have been done his land by seepage occurring through the negligent maintenance and operation of the district irrigation system. The district defended upon the ground that, if the land had been injured, it was due to the negligence of Van Horn in "over-irrigating" his land. The cause was submitted upon twenty special issues, the first three of which were as follows:

"Question No. 1. Do you believe and find from a preponderance of the evidence admitted before you, that the plaintiffs during the time they have owned their said land, have over-irrigated same?

"Question No. 2. Was such over-irrigation, if any, you have found to the foregoing question, under all the circumstances, negligence, on the part of the plaintiffs, as that term is used in this charge?

"Question No. 3. Was such negligence, if any, you have found to the foregoing question, a concurring and contributing cause to the injuries of the plaintiffs' land?"

After retiring, and before arriving at their answers, the jury, in the manner provided by law, propounded the following inquiry to the trial judge: "Your Honor: Does your Question No. 1 mean:—Has the plaintiff over-irrigated the entire tract of land during the entire time the plaintiff has owned same,—or does it mean,—that any one time or during any one year during ownership, he has over-irrigated any one piece or portion of his tract?"

To which the court replied as follows: "It means the second and not the first proposition or inquiry made by you."

Thereafter the jury returned affirmative answers to each of said issues. Judgment was rendered that Van Horn take nothing, and he has appealed.

The appeal is predicated upon the one assignment of error that the trial court erred in said supplemental instruction to the jury, "because, such communication was an additional instruction to the jury, and constituted a part of the Court's Charge, and was a direct charge upon the weight of the evidence, and calls the attention of the jury to the fact, that if they found that the plaintiffs at any one time during the period of time they had owned their said land had over-irrigated the same, or any part thereof, that the jury should answer Question Number One in the affirmative."

We conclude that the assignment is well taken.

Special issues 1, 2, and 3 are so interrelated that they must be grouped in this inquiry. They present, in effect, this question, Did

plaintiff in error negligently overirrigate his land and thereby cause or contribute to the injury sustained by the land?

Under the inquiry as originally submitted, the jury were authorized to find, generally, from all the facts and circumstances and conditions in evidence, that plaintiff in error was guilty of overirrigating his farm in such manner and degree as to constitute negligence on his part, to the injury of his land. In pursuit of a verdict on such inquiry, as originally propounded, the jury were unhampered by any suggestion or instruction from the court as to the modicum of proof, or the particular facts, necessary to an affirmative answer. The result was that they were unable to find plaintiff in error guilty of the acts comprehended in the question as originally propounded. In this quandary they requested the trial judge's assistance in arriving at a verdict, whereupon, in response to their inquiry, they were told, in effect, that, even if they could find from the evidence that plaintiff in error over-irrigated the least part of his farm over the shortest period of time, they could find him guilty of negligently overirrigating his farm to its injury.

In this way the supplemental instruction was clearly on the weight of evidence, in that it arbitrarily placed the value of sufficiency and finality upon the particular facts embraced in that instruction, and was therefore "erroneous in its essence, and reversible in its consequences." Speer's Special Issues, § 199.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Plaintiff in error's motion for an extension of time within which to file the record in this cause was granted, over defendant in error's protest, on December 9, 1931, and no motion for rehearing was filed thereon by defendant in error.

Subsequently, in due course, the cause was submitted, and the judgment was reversed and the cause remanded on May 25, 1932.

Defendant in error in its motion for rehearing now also moves that the order of December 9 be set aside, the record stricken, and the judgment affirmed on certificate, or, in the alternative, on the merits. These motions will be overruled.

For the first few months following the effective date of the Act of 42d Legislature (Gen. Laws 1931, ch. 66, § 1, p. 100), amending article 1839 (Vernon's Ann. Civ. St. art. 1839), and drastically curtailing the time for filing records in Courts of Civil Appeals in cases of appeal and writ of error, this court sought to make liberal allowance to parties in their efforts in good faith to comply with the law. This court purposely refrained from strictly construing, applying or enforcing the new law, that litigants might become familiar with the new provisions and adjust their mode of practice thereto.

It was in pursuance of that policy that leave was granted appellant to file the record tardily presented in this case. Nor had we at that time carefully analyzed the amended act, or taken notice of the provision requiring motions for extension of time to be filed in this court before the expiration of the stipulated 60-day period.

But beginning with the new year this court interpreted, and began enforcing, the amended act, as exemplified in Reasonover v. Reasonover, 46 S.W.(2d) 382, in which writ of error was but recently denied. That construction has also been adopted by other Courts of Civil Appeals [Walker v. Lyles, 45 S.W.(2d) 315; Reed v. Great American Indemnity Co., 47 S.W.(2d) 860; Reese v. Owens, 48 S.W.(2d) 697] although denied by a divided Court in C. S. Hamilton Motor Co. v. Muckleroy (Tex. Civ. App.) 46 S.W.(2d) 451.

We conclude, in view of the course the matter has taken, that it is now too late, if we were so disposed, to reopen the question and strike the record.