### SHELTON v. NORTHERN ASSUR. CO., Limited, OF LONDON et al.

Motion Nos. 7447, 7449.

Court of Civil Appeals of Texas. Austin.

Jan. 18, 1933.

R. T. Miller, of Austin, for appellee.

McCLENDON, Chief Justice.

Motion by appellees to affirm on certificate, and by appellant to permit filing the record, which was not tendered to the clerk until after the statutory 60-day period had expired. No application for extension of time was filed with this court within the 60-day period, and no excuse for not making such application is shown. With the exception noted below, the Courts of Civil Appeals which have passed upon the question have construed the 1931 amendment to R. S. art. 1839 (chapter 66, § 1, Acts 42d Leg. p. 100 [Vernon's Ann. Civ. St. art. 1839]) as inhibiting extending the time unless the application is made within the 60-day period. Walker v. Lyles (Texarkana, Tex. Civ. App.) 45 S.W.(2d) 315; Reasonover v. Reasonover (San Antonio, Tex. Civ. App.) 46 S.W.(2d) 382; Reed v. Indemnity Co. (Eastland, Tex. Civ. App.) 47 S.W.(2d) 860; Reese v. Owens (Beaumont, Tex. Civ. App.) 48 S.W.(2d) 697; Van Horn v. Hidalgo (San Antonio, Tex. Civ. App.) 51 S.W.(2d) 641. In Hamilton Motor Co. v. Muckleroy (Tex. Civ. App.) 46 S.W.(2d) 451, the Dallas court held to the contrary; Chief Justice Jones dissenting.

We are not prepared to go the full length of these decisions in holding that Courts of Civil Appeals are without power to grant the extension if not applied for within the 60-day period. We seriously question whether it was the legislative intent to make filing the request within the 60 days jurisdictional. A case might arise in which appellant was providentially hindered from filing the request within the time.

However that may be, the statute does expressly impose the duty upon appellant of filing the request before the right to an affirmance on certificate arises; and, where the application, subsequently filed, presents no reasonable excuse in this regard, we think such discretionary powers as the court may otherwise have in the premises are not properly invoked.

The Texas civil judicial council in its fourth annual report (page 21) has recommended an amendment to article 1839 in this respect.

The motion for leave to file the transcript is overruled, and that to affirm on certificate is granted.

Motion for leave to file transcript overruled; motion to affirm on certificate granted.