## ACOLA v. J. I. CASE CO.

No. 2783.

Court of Civil Appeals of Texas. El Paso.

Jan. 26, 1933.

Rehearing Denied Feb. 16, 1933.

F. T. Denny and Cantey, Hanger & McMahon, all of Fort Worth, for appellant.

Lewis B. Lefkowitz and Smith, Deal, Shook, Spence & Bowyer, all of Dallas, for appellee.

PELPHREY, Chief Justice.

An examination of the record in this case reveals that judgment was rendered on the 29th of January, 1932, as of January 27th; that on January 29th a motion for a new trial was filed and an amended motion filed February 4th; that on the same day said amended motion was overruled and notice of appeal given to the Court of Civil Appeals for the Fifth Supreme Judicial District; that on May 5th a motion for leave to file transcript was filed in said court by appellant; that on May 7th, the said motion was granted and the transcript filed on May 8th; and that the case was thereafter transferred to this court by the Supreme Court.

It appears in the motion filed that the transcript was not tendered for filing in the Court of Civil Appeals for the Fifth District until the 61st day after the motion for a new trial was overruled, but, in fact, the motion was in fact filed on the 91st day.

▮ Article 1839 as amended by Acts Forty-Second Legislature, (1931) c. 66, § 1 (Vernon's

Ann. Civ. St. art. 1839), reads: "In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe."

The amendment was enacted with the following emergency clause (section 3): "The fact that the crowded condition of the dockets of the trial and Appellate Courts of the State demands that the laws governing the practice and procedure therein be so amended as to expedite and simplify the business of the Courts as soon as possible creates an emergency and an imperative public necessity. * * *"

Under this amendment this court has decided that we had no power to permit the filing of a transcript after the 60-day period, unless a motion to extend the time had been filed within such period.

A like view appears to have been taken by several of the other Courts of Civil Appeals. Walker et al. v. Lyles et al., 45 S.W.(2d) 315 (Texarkana); Reasonover v. Reasonover, 46 S.W.(2d) 382 (San Antonio); Reed v. Great American Indemnity Co., 47 S.W.(2d) 860 (Eastland); Reese et al. v. Owens et al., 48 S.W.(2d) 697 (Beaumont).

On the other hand, the Dallas Court of Civil Appeals, with Chief Justice Jones dissenting, held that, on a showing by the appealing party that he had exercised reasonable diligence to file during the 60 days, he would be entitled to an extension without regard to whether the matter was brought to the attention of court before or after the expiration of the 60-day period. Hamilton Motor Co. v. Muckleroy (Tex. Civ. App.) 46 S.W.(2d) 451.

The only cases in which the Supreme Court has had the question before it, as far as we have been able to ascertain, were in the case of Reasonover v. Reasonover, supra, in which a writ of error was refused, and in the recent case of Van Horn et ux. v. Hidalgo County Water Control & Improvement District No. 1, 51 S.W.(2d) 641, 642, also by the San Antonio Court of Civil Appeals.

In the latter case plaintiff in error filed a motion for an extension of time to file the record, after the expiration of the 60-day period. The motion was granted over the protest of defendant in error, but no motion for a rehearing was filed. The cause was later submitted, and the judgment reversed and the cause remanded. Defendant thereupon filed a motion for a rehearing, and prayed that the order granting the motion to extend the time for filing the record be set

aside; that the record be stricken; and that the judgment be either affirmed on certificate, or, in the alternative, on the merits. The court, after reciting the facts above, and discussing its previous holdings and the holdings of other courts on the effect of the amendment, said: "We conclude, in view of the course the matter has taken, that it is now too late, if we were so disposed, to reopen the question and strike the record."

The Supreme Court, in granting a writ of error, made the following notation: "The Hon. C. C. A. erred in granting the motion of plaintiffs in error for an extension of time for the filing of the transcript and statement of facts in this cause."

From the fact that the Supreme Court refused a writ of error in the first case and granted the writ with the notation above quoted in the latter case, we think we are justified in concluding that the Supreme Court feels, as this court has felt, that a Court of Civil Appeals has no power to entertain a motion to extend the time for filing the transcript, where the motion is filed after the expiration of the 60-day period.

The Dallas Court of Civil Appeals granted the motion in this case before the writ was refused in the Reasonover Case and before the writ was granted in the Van Horn Case; therefore they had no way of knowing the attitude of the Supreme Court on the question. With this condition existing and appearing from the record before us, the question arises as to what action we should take, if any.

That is, should we proceed to dispose of the cause and consider the transcript before us for all purposes, or should we, by reason of our opinion that the Dallas court had no jurisdiction to entertain the motion which it granted, now strike the transcript from the record.

. We have concluded that the transcript, under the facts related, has no place in the record; that the action of the Dallas court in permitting it to be filed was beyond the power of that court; and that we should now strike the same.

It is therefore ordered that the transcript be stricken from the record, and that the appeal be dismissed for failure to file the transcript within the time provided by law.

### On Motion for Rehearing and to Certify.

Appellant has called our attention, in his motion for rehearing, to the fact that we were in error in our original opinion in stating that the motion to permit the filing of the transcript was not filed in the Dallas court until the 91st day after the overruling of the motion for a new trial.

After an examination of the transcript, we have concluded that in that statement we were in error.

We mistook the filing date on the amended motion for a new trial to be the filing date on the order overruling the motion. However, the record shows that the motion for a new trial was overruled on March 4, 1932, and that the motion to permit the filing of the transcript in the Dallas court was not filed there until May 5, 1932.

In the motion for leave to file, it is alleged that 60 days were allowed to go by without the transcript being filed and that on May. 4, 1932, the 61st day, the transcript was delivered to the clerk of that court.

The question involved is, therefore, the same as it would have been if the transcript had been filed, as we stated in our original opinion, on the 91st day.

■ We agree with appellant that the jurisdiction of an appellate court does not depend upon the filing of the transcript therein, and we did not so hold in our former opinion.

We merely held that the Dallas Court of Civil Appeals had no power to consider the motion filed before it in view of the provisions of amended article 1839.

Appellant further argues that we should not presume that the order overruling the motion for new trial was entered in the minutes of the lower court not later than March 5, 1932, but should, in the absence of a definite showing as to the date it was actually entered, indulge the presumption that it was entered at a later date, as was done by the Dallas Court of Civil Appeals in Hamilton Motor Company v. Muckleroy, 46 S.W.(2d) 451.

. In the present case, however, we find that appellant himself, in his motion for leave to file the transcript, admits that the transcript was tendered after the statutory period.

There also appears in the record the following notation in connection with the motion for a new trial: "Entered as of March 4, 1932." With these facts in the record, there appears to be no ground upon which we might presume that the transcript was filed within the 60-day period.

Appellant in his motion to certify has asserted that our decision is in conflict with City of Eagle Lake v. Lakeside Sugar Refining Co. (Tex. Civ. App.) 144 S. W. 709 (writ refused); Warren v. Pace (Tex. Civ. App.) 259 S. W. 627; Evans v. Galbraith-Foxworth Lbr. Co. (Tex. Civ. App.) 43 S.W.(2d) 481; Walker v. Lyles (Tex. Civ. App.) 45 S.W. (2d) 315; Hamilton Motor Co. v. Muckleroy, supra.

We have carefully examined these authorities, and find that they are not in such conflict with our holding as would, in our opinion, call for a certification of the question to the Supreme Court. While the Dallas court, in the Muckleroy Case, held that a motion could be considered after the expira-

·tion of the 60 days, yet, it had already held that the transcript had been timely filed, leaving the holding on the question of when the motion should be filed, and from which Chief Justice Jones dissented, unnecessary.

The motions for rehearing and to certify will both be overruled.