## MUTUAL PROTECTIVE ASS'N OF TEXAS v. DICKERSON et ux.

### No. 11252.

Court of Civil Appeals of Texas. Dallas.

Sept. 30, 1933.

Rehearing Denied Nov. 4, 1933.

G. R. Lipscomb, of Fort Worth, for appellant.

Bishop & Holland, of Athens, for appellees.

JONES, Chief Justice.

This cause was submitted on briefs and oral argument in this court May 13, 1933. On April 3, 1933, a motion to strike out the transcript and statement of facts was filed by appellees. The motion was passed by this court, awaiting a decision of the Supreme Court on a similar question, for which reason a consideration of the case on its merits was also passed. The matters discussed will require a statement of the course this case has taken in this court.

Judgment was entered in the trial court September 24, 1931, and this judgment became final in the district court on October 16, 1931, when appellant's motion for a new trial was overruled. The appeal was perfected to this court October 29, 1931, by appellant's filing a supersedeas appeal bond. Under the terms of article 1839, R. S., as amended by the Acts of the 42d Legislature (1931), c. 66, § 1, appellant was allowed 60 days from October 16, 1931, within which to file the transcript in this court, with the right to have this time extended by this court "for good cause shown before the expiration of such sixty day period." The 60-day period elapsed without the record being filed, and without any motion being filed in this court, to extend the time.

On January 29, 1932, appellees filed in this court a motion to affirm the cause on certificate, accompanying said motion with the proper certificate of the clerk. This motion was filed about 45 days after the expiration of time within which the transcript could be legally filed in this court. Thereafter, appellant filed a motion to extend the time, with verified allegations showing good cause for failure to file the transcript within the 60-day period. Under the construction, by the majority of this court, of article 1839, as amended, in the case of C. S. Hamilton Motor Co. v. Muckleroy, 46 S.W.(2d) 451, this court extended the time, directed the clerk to file the transcript and statement of facts, and overruled appellees' motion to affirm on certificate. The writer dissented from such holding in the Hamilton-Muckleroy Case, and stated his ground for such dissent in writing, which opinion is reported in 46 S.W.(2d) 453. The majority of this court, having announced a rule of decision as to the construction of this statute, the writer did not dissent in subsequent cases, following the Hamilton-Muckleroy Case, and did not dissent to the overruling of the motion to affirm on certificate in the instant case.

At the time of the decision of this court in the Hamilton-Muckleroy Case, supra, the Supreme Court had not construed this statute, nor had such court construed same when the motion to affirm on certificate was overruled, though the majority of Courts of Civil Appeals, at the time of the overruling of the motion to affirm on certificate, had construed such statute in line with the dissenting opinion in the Hamilton-Muckleroy Case. When the motion of appellees of April 3, 1933, to strike out the transcript in this case, was filed, it was made known to this court that the Supreme Court had under consideration in a similar case the construction of this statute; hence, the action of this court in deferring the ruling on the motion and in deferring a consideration of the case on its merits until after this statute was construed by the Supreme Court. Such court, in the case of Hunter et al. v. Moore, 62 S.W.(2d) 97, through the Commission of Appeals, in an opinion by Judge Leddy, has given a final and binding construction of article 1839, R. S., as amended. This decision is to the effect that a Court of Civil Appeals cannot consider a motion to extend the time for filing the transcript, if such motion be filed after the expiration of the statutory 60-day period. Under such decision, this court must sustain appellees' motion and strike out the transcript and the statement of facts.

It is deemed best to call attention to the fact that the 43d Legislature (chapter 67 [Vernon's Ann. Civ. St. art. 1839]) amended article 1839 by, in effect, allowing a motion for extension of time, for good cause, to be filed within 15 days after the end of the 60-day period. This amendment, however, did not become effective in time to apply to this case.

There being no transcript of the record legally on file in this court, the appeal must be dismissed. The transcript of the record on file in this case is stricken out and the appeal dismissed.

Appeal dismissed.