

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 10, 1961

Honorable P. Frank Lake
Secretary of State
Austin, Texas

Opinion No. WW-1193

Re: Filing fees in special
congressional election
to be held on December
16, 1961.

Dear Sir:

Your opinion request reads as follows:

"Your opinion is respectfully requested
concerning the statutory filing fee which must
accompany the application submitted by a person
to appear upon the official ballot in the special
election to be held in the 13th Congressional
District of Texas on the 16th day of December,
1961, for the purpose of electing a representative
in Congress for such district to serve out the un-
expired term of the Honorable Frank N. Ikard. The
special election in question was called by
Governor Daniel on November 8th. The deadline
for filing an application to appear on the ballot
in such election is, as I have computed it, mid-
night of November 15th.

"Article 32a of the Texas Election Code
(Article 4.10, Vernon's Election Code), which
applies generally to applications to appear upon
the ballot at special elections, provides that
an application to appear on the ballot ' * * *
must be filed not later than thirty (30) days
before any such special election, and must be
accompanied with a fee of * * * five dollars
($5.00) if a district or county office, * * *.'

"A new article, designated as Article 32b,
was added to the Election Code of Texas by Senate
Bill No. 3, Acts 57th Legislature, Second Called
Session, 1961. This Act becomes effective on

November 13, 1961 (90 days after August 14, 1961, the date of adjournment of the Second Called Session of the 57th Legislature). Section 1a of Article 32b reads as follows:

"'In any special election called to fill a vacancy in the office of United States Representative in any congressional district of the state, the filing fee shall be Five Hundred Dollars ($500.00).'

"The questions specifically submitted are:

"1. Will the provisions of Article 32a providing for a filing fee of $5.00 apply to applications received in this office prior to midnight of November 12?

"2. Will the provisions of Section 1a of Article 32b providing for a filing fee of $500.00 apply to applications which are received in this office between midnight of November 12 and the deadline for filing such application in the election; or

"3. Will the provisions of Section 1a of Article 32b apply to all applications received in this office after November 8 and prior to November 15 deadline?"

Article 32b of the Election Code, which becomes effective on November 13, 1961, can have no force as law before that date. Whether it will operate retroactively after its effective date on fees paid before that date depends, first, on whether the Legislature intended to make it retroactive, and, secondly, on whether such retroactive operation would impair any vested rights. Even if the Legislature did so intend, it could not be applied to impair a vested right in violation of Article 1, Section 16 of the Texas Constitution, which provides that "no . . . retroactive law . . . shall be made." This constitutional provision is construed merely as forbidding the enactment of any law that will prejudicially affect existing, vested rights, or the operation of a law in such a manner as to have that effect.

The inhibition is not ordinarily extended to a procedural or remedial statute, or, in fact, to any act which does not disturb or impair vested rights. 39 Tex.Jur., Statutes, Sec. 27. In our opinion, a person who files his application as a candidate prior to November 13, and pays the filing fee prescribed in the statute in effect on the date of filing, will not acquire any vested right which would prevent a subsequent change in the election procedures.

Since there would be no constitutional obstacle to making the fee provision of Article 32b operative retroactively in elections called before its effective date, the answer to your questions depends on whether the Legislature intended for it to have such operation.

We have found no case construing the effect of statutory changes in election procedures which become effective during the interval between the date on which an election is called and the date on which it is held. The closest analogy is found in cases dealing with changes in procedure in pending legal proceedings. The Legislature may change procedures in pending proceedings, and a statute changing proceedings prima facie applies to pending proceedings. Walker v. Lyles, 45 S.W.2d 315 (Tex.Civ.App. 1931, affirmed 124 Tex. 38, 72 S.W.2d 1113); Devlin v. Heid Bros., 47 S.W.2d 383 (Tex.Civ.App. 1932, error dism.).

The election in question is to take place after the effective date of Article 32b of the Election Code. Further, the filing deadline occurs after the effective date of the new law. We believe that it was the intention of the Legislature that all election procedures, including the payment of filing fees, be governed by the provisions of the new law. The law is prospective in operation and prescribes the entire procedure for elections held after the effective date of the act.

To construe the statute otherwise would attribute to the Legislature an intent to allow some candidates to pay a fee of five dollars and to require others to pay a fee of five hundred dollars.

In Wood v. State, 133 Tex. 110, 126 S.W.2d 4 (1939), the Supreme Court of Texas said:

Honorable P. Frank Lake, page 4 (WW-1193)


"It is the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though literal meaning of the words used therein is not followed. Also, statutes should never be given a construction that leads to uncertainty, injustice, or confusion, if it is possible to construe them otherwise."

We therefore hold that all candidates who file, regardless of whether they file before or after the effective date of the act, must pay the five hundred dollar filing fee prescribed in Article 32b of the Election Code.

## SUMMARY

In the special congressional election to be held on December 16, 1961, all candidates who file applications to have their names placed on the ballot must pay the five hundred dollar filing fee prescribed in Article 32b of the Election Code, regardless of whether they file before or after the effective date of the act.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: *Mary K. Wall*
Mary K. Wall
Assistant

MKW:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Henry Braswell
Marvin Thomas
Fred Werkenthin
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee