KARCZMARZYK v. KERR.    (No. 7946.)

Court of Civil Appeals of Texas. San Antonio. Feb. 29, 1928.

Limitation of actions ⊜⇒51(2)—Suit on vendor's lien notes, not barred on maturity date of last note of series, held not barred within four years thereafter (Rev. St. 1925, arts. 5537; Vernon's Sayles' Ann. Civ. St. 1914, art. 5694; Rev. St. 1911, art. 5688).

Suit on two of series of eight vendor's lien notes, *held* not barred by expiration of over four years since maturity date of notes sued on, where less than four years expired before maturity date of final note of series during which suit could have been brought, on account of defendant's absence from state under Rev. St. 1925, art. 5537, and where less than four years had expired since maturity date of last note of series, since under such circumstances statute commenced to run only from maturity date of last note of series under Vernon's Sayles' Ann. Civ. St. 1914, art. 5694 Rev. St. 1911, art. 5688.

Appeal from Cameron County Court; John I. Kleiber, Judge.

Action by O. W. Kerr against Frank Karczmarzyk. Judgment for plaintiff, and defendant appeals. Affirmed.

T. A. Kinder, of Brownsville, for appellant. Thos. G. Patteson, of Cooper, and H. B. Galbraith, of Brownsville, for appellee.

COBBS, J. Appellee sued appellant on the 5th day of April, 1927, which original pleading was amended May 6, 1927, seeking a personal judgment on two certain promissory vendor's lien notes in writing, notes Nos. 1 and 3 of a series of eight certain promissory vendor's lien notes which were second vendor's lien notes given as part of the purchase price for a certain tract of land, lying and being situated in Cameron county, Tex., which is fully described in plaintiff's amended petition. Note No. 1 herein sued upon was dated February 5, ·1920, and became due and payable on February 5, 1921. Note No. 3 was dated February 5, 1920, and became due and payable on February 5, 1922, and suit was not instituted thereon until the 5th day of April, A. D. 1927.

It was also alleged that the last note of such set matured February 5, 1926; that appellant was without the limits of the state on February 5, 1921 and 1922 (dates of maturity of notes sued on); and that appellant remained out of state until 1924; that appellee was holder of two notes sued on in course of trade.

Appellant pleaded general demurrer, general denial, and four-year statute of limitation, alleging that he had been a citizen of Texas at all times since 1920.

Appellee introduced two notes sued on in evidence dated February 5, 1920, maturing February 5, 1921 and 1922, same reciting that they were vendor's lien notes executed by appellant in part payment of the tract of land described. Appellee introduced deed from Ogden Land Company to appellant, dated February 5, 1920, showing two notes sued on, and showing that notes sued on were two notes of a set of eight notes, all of even date, the last of which matured February 5, 1926, all having been given in part payment of the land described in deed. Appellee introduced in evidence an agreement made by attorneys for appellant and appellee showing that defendant was a resident of Texas; that he was out of the state on February 5, 1921 and 1922, and remained without the limits of the state until January, 1923. This agreement shows that all the other notes than the notes sued on have been paid. The case was tried by the court without a jury, and judgment was rendered against appellant for $260.72.

There was no foreclosure of the vendor's lien sought in this case; only a personal judgment on the notes. Both parties cite and rely upon the case of Citizens' Nat. Bank of Hillsboro v. Graham (Tex. Com. App.) 275 S. W. 997. The facts in this and that case are·very similar. One exception is that in this ·case no foreclosure of the vendor's lien is sought, whereas in the Bank v. Graham Case the the vendor's lien was foreclosed.

The statute under discussion seems to, and does, establish a different rule in respect to the general statutes of limitation.. The stat-

ute contemplates, and so does the Commission of Appeals hold, in speaking through Harvey, P. J., in the Bank Case, supra, that, where the consideration is represented by a series of maturing purchase-money notes, of equal dignity, the statute of limitations must be tolled and calculated from the last maturing note, which, in this case, was on February 5, 1926. This suit was instituted on the 5th day of April, 1927, which was in time and before it was barred.

Under the old law as it stood, the vendor could sue for the land and recover the title to the land, where all the purchase money had not been paid. See White v. Cole, 87 Tex. 500, 29 S. W. 759. In this case the original suit was to recover the purchase money, but, upon the introduction of a plea filed, pleading the statute of limitation against the purchase-money notes, the plaintiff was permitted to amend the pleadings and sue and recover title to the land against which the statute of limitation was not available. Subsequently the law was so amended that when the notes all became barred no recovery could be had for the land. See article 5694, R. S. (Vernon's Sayles' Ann. Civ. St. 1914). However, the statutes concerning these questions are set out and discussed in the Bank Case, supra, and we quote with approval what Judge Harvey has to say in that case on the subject, to wit: \

"In cases where the consideration for a given sale of real estate is evidenced, either ˙wholly or partly, by more than one promissory note secured by the vendor's lien on such real estate, as in this case, the payment of all such notes as are not barred by limitation under the provisions of article 5688 of Revised Statutes of 1911 at the time of maturity of the one of such several notes bearing the latest maturity date, may be enforced, together with the vendor's lien securing such notes, by suit filed any time before the expiration of four years after said maturity date of said last above described note.

"To the extent just shown, the application of said article 5688 has been modified and superseded by the clause of article 5694 under interpretation."

Obviously, it was the evident purpose and intention of the Legislature, in applying the statute of the four-year limitation to the last maturing note, instead of to any other maturing note, so to treat all the notes, as they did represent and were the entire obligation, of equal dignity, without any severance thereof. Consequently, the debt for the purchase money of the land was not barred, for the reason the last maturing purchase-money note was not barred.

On the question raised in respect to appellant's absence from the state in 1921 and 1922 until January, 1923, article 5537, R. S. 1925, provides, among other things:

"Temporary Absence.—If any person against whom there shall be cause of action shall be

without the limits of this state at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the state and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

Taking the law as it stood prior to September, 1925, when the statute took effect, appellee had about seven years and one month in which to bring suit on the two notes, that is, from January, 1923, the time of appellant's return to the state, until February, 1930, four years from the last maturing note.

It is held in Odum v. Garner, 86 Tex. 374, 25 S. W. 19:

"Our Supreme Court has adopted the rule that upon the substitution of a new term of limitation the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired term under the old law bears to the whole time. That is, if, under the old law, two-thirds of the time had expired, then one-third of the new law would be allowed within which to sue."

Undoubtedly appellant had four years from the last maturing note in which to sue, and so we hold that the suit was instituted in proper time, and the debt was not barred by the statute of four-year limitation.

Finding no reversible error assigned that should reverse the judgment, the same is affirmed.